J-S26009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GERALD D. CROWLEY | |
| Appellant | No. 2937 EDA 2015 |

Appeal from the Judgment of Sentence January 24, 2014
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0002903-2013

BEFORE:  OLSON, STABILE and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED MAY 06, 2016**

Appellant, Gerald D. Crowley, appeals from the judgment of sentence entered on January 24, 2014, as made final by the denial of his post-sentence motion on August 27, 2015.  On this direct appeal, Appellant's court-appointed counsel has filed a petition to withdraw as counsel and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  As we deem this to be a direct appeal, and not an appeal from the denial of post-conviction relief, we deny counsel's petition to withdraw, and remand for the filing of an appropriate concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) ("concise statement") and merits brief.

* Retired Senior Judge Assigned to the Superior Court

As our disposition of counsel's petition to withdraw is based on the procedural posture of this case, we focus our attention solely on the procedural history of this case. On September 30, 2013, Appellant was charged via criminal information with possession of a firearm by a prohibited person,[1] possession with intent to deliver a controlled substance,[2] possession of drug paraphernalia,[3] false identification to law enforcement,[4] two counts of failure to keep a dog properly confined,[5] failure to obtain a dog license,[6] harboring a dangerous dog,[7] and failure to have a dog vaccinated against rabies.[8] On November 22, 2013, Appellant pled guilty to possession of a firearm by a prohibited person and possession with intent to deliver a controlled substance. The remaining charges were withdrawn. On January 24, 2014, Appellant was sentenced to an aggregate term of 5 to 10 years' imprisonment.

---

[1] 18 Pa.C.S.A. § 6105(a)(1).

[2] 35 P.S. § 780-113(a)(30).

[3] 35 P.S. § 780-113(a)(32).

[4] 18 Pa.C.S.A. § 4914(a).

[5] 3 P.S. § 459-305(a)(1).

[6] 3 P.S. § 459-201(a).

[7] 3 P.S. § 459-502-A(a)(1)(i).

[8] 3 P.S. § 455.8(a).

On January 29, 2014, Appellant filed a timely post-sentence motion. The trial court, however, took no action on Appellant's post-sentence motion and, despite the passage of 120 days and the concomitant denial of Appellant's motion by operation of law, no order reflecting these developments was entered on the docket. *See* Pa.R.Crim.P. 720(A)(2)(B). On February 5, 2015, Appellant filed a *pro se* petition pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-9546. On March 6, 2015, counsel was appointed. On August 3, 2015, counsel filed a **Turner/Finley** no-merit letter. That same day, the PCRA court issued notice of its intent to dismiss the PCRA petition without an evidentiary hearing. *See* Pa.R.Crim.P. 907.

On August 14, 2015, counsel filed a petition seeking leave to withdraw as counsel. On August 17, 2015, Appellant filed a *pro se* response to the PCRA court's Rule 907 notice. On August 27, 2015, the trial court ordered the Clerk of Courts of Northampton County to enter an order denying Appellant's post-sentence motion by operation of law. *See* Pa.R.Crim.P. 720(B)(3). In that same order, Appellant's PCRA petition was dismissed for lack of jurisdiction. Also on August 27, 2015, the Clerk of Courts of Northampton County entered an order denying Appellant's post-sentence motion via operation of law. This timely appeal followed.[9]

---

[9] On September 30, 2015, the trial court ordered Appellant to file a concise statement. On October 19, 2015, Appellant filed his concise statement. On November 18, 2015, the trial court issued its Rule 1925(a) opinion.

We first consider whether this case is a direct appeal from a judgment of sentence, as made final by the denial of a post-sentence motion by operation of law, or whether this case involves an appeal from the denial of PCRA relief. As this determination involves a question of law, our standard of review is *de novo* and our scope of review is plenary. **Cf. Commonwealth v. John**, 854 A.2d 591, 593 (Pa. Super. 2004), *appeal denied*, 870 A.2d 320 (Pa. 2005) (citation omitted).

We begin with a discussion of when Appellant's judgment of sentence became final for purposes of taking a direct appeal to this Court. When a defendant files a post-sentence motion, and the trial court fails to act on that motion within 120 days, a notice of appeal must be filed "within 30 days of the entry of the order denying the motion by operation of law[.]" Pa.R.Crim.P. 720(A)(2)(B).

In this case, Appellant filed a timely post-sentence motion and the trial court did not act on that motion within 120 days. Therefore, Appellant had until 30 days after entry of the order denying his post-sentence motion by operation of law to seek review of his judgment of sentence in this Court. As noted above, because of an apparent breakdown in the judicial system, the order denying Appellant's post-sentence motion by operation of law was not entered until August 27, 2015. Thus, Appellant had until September 28, 2015 to seek direct review of his judgment of sentence.

On September 14, 2015, Appellant filed a timely notice of appeal from the entry of the order that denied his post-sentence by operation of law. Appellant's notice of appeal states that the appeal is taken from the order denying Appellant's post-sentence motion. This Court has interpreted such notices of appeal as being taken from the judgment of sentence. *See Commonwealth v. Dreves*, 839 A.2d 1122, 1125 n.1 (Pa. Super. 2003). Furthermore, it is axiomatic that "[a] PCRA petition may **only** be filed after an appellant has waived or exhausted his direct appeal rights." *Commonwealth v. Leslie*, 757 A.2d 984, 985 (Pa. Super. 2000) (citation omitted; emphasis in original). As Appellant's PCRA petition was filed prior to his judgment of sentence becoming final, Appellant's PCRA petition was premature. As such, the trial court properly dismissed Appellant's PCRA petition for want of jurisdiction. Therefore, because Appellant lodged a timely appeal from the order denying his post-sentence by operation of law, and in view of the plain language of the notice of appeal, we conclude that Appellant's notice of appeal, filed on September 14, 2015, should be considered as taken from the judgment of sentence entered on January 24, 2014, as made final by the denial of his post-sentence motion on August 27, 2015. To hold otherwise would deny Appellant direct review of his judgment of sentence.

Having determined that this is a direct appeal and not an appeal from the denial of PCRA relief, counsel's *Turner/Finley* letter is inappropriate. A

***Turner/Finley*** no-merit letter, which is filed in post-conviction proceedings, provides less protection than does a brief filed pursuant to ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981), and its federal predecessor, ***Anders v. California***, 386 U.S. 738 (1967).[10] ***See Commonwealth v. Widgins***, 29 A.3d 816, 817 n.2 (Pa. Super. 2011). As such, although we may accept an ***Anders*** brief in lieu of a ***Turner/Finley*** letter, we may not accept a ***Turner/Finley*** letter in lieu of an ***Anders*** brief because doing so would violate Appellant's Sixth Amendment right to counsel.

One of the additional protections provided by ***Anders*** is that we may only grant counsel leave to withdraw on direct appeal when any issue raised on appeal would be wholly frivolous. ***See Commonwealth v. Bennett***, 124 A.3d 327, 333 (Pa. Super. 2015) (citation omitted). We agree with the trial court that there are non-frivolous issues for direct appeal, *e.g.*, the trial court's misapplication of the sentencing guidelines. ***See*** Trial Court Opinion, 11/18/15, at 5. As such, we direct that counsel proceed with the filing of a concise statement and merits brief.

In sum, we conclude that this case is properly considered a direct appeal and not an appeal from the denial of post-conviction relief. As such, counsel's attempt to withdraw under ***Turner/Finley*** is improper. The certified record shall be remanded to the trial court for further proceedings as indicated. Within ten days of this memorandum, counsel shall file a

---

[10] In order to withdraw as counsel on direct appeal, counsel must follow the procedural requirements set forth in ***Anders*** and ***McClendon***.

concise statement listing issues to be raised on direct appeal. The trial court shall issue a Rule 1925(a) opinion addressing those issues within 30 days of the filing of the concise statement.[11] Upon receipt of the trial court's Rule 1925(a) opinion, the Clerk of Courts of Northampton County shall forthwith transmit the original certified record and a supplemental certified record to this Court. Appellant's counsel shall have 21 days from the filing of the trial court's Rule 1925(a) opinion to file a merits brief with this Court. The Commonwealth shall have 21 days from the filing of Appellant's brief to file its brief. Thereafter, Appellant's counsel shall have seven days to file a reply brief.

Petition to withdraw as counsel denied. Case remanded and certified record returned to trial court. Jurisdiction retained.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/6/2016

---

[11] If the trial court has previously addressed the claims in the concise statement, it may issue an order in lieu of opinion noting where in the certified record it has previously addressed the claims.