573 A.2d 1112

**COMMONWEALTH of Pennsylvania**

v.

**Michael Thomas O'NEIL, Appellant (Two Cases).**

Superior Court of Pennsylvania.

Argued March 20, 1990.

Filed April 27, 1990.

Barry D. Wilson, Lancaster, for appellant.

James J. Karl, Asst. Dist. Atty., Lancaster, for Com., appellee (submitted).

Before OLSZEWSKI, JOHNSON and HOFFMAN, JJ.

OLSZEWSKI, Judge:

This consolidated appeal combines an appeal from judgment of sentence with an appeal from denial of post-conviction relief concerning the same charges. In No. 1353 Philadelphia 1989, appellant's direct appeal, three issues are presented for our review. In No. 2729 Philadelphia 1989, the appeal from denial of post-conviction relief, appellant presents one issue. We consider these issues *seriatim.*

Appellant pleaded guilty on January 3, 1989 to one count of burglary, 18 Pa.C.S.A. § 3502(a); four counts of receiving stolen property, 18 Pa.C.S.A. § 3925; two counts of theft by unlawful taking, 18 Pa.C.S.A. § 3921(a); one count of theft by deception, 18 Pa.C.S.A. § 3922; one count of retail theft, 18 Pa.C.S.A. § 3929(a)(1); and one count of unlawful use of credit cards, 18 Pa.C.S.A. § 4106(a)(1). Appellant was sentenced on April 14, 1989 to four-to-ten

years' imprisonment,[1] followed by probation, and ordered to pay costs of prosecution and restitution.

Appellant's current counsel began representation shortly after sentencing, filing a timely motion to modify sentence on April 24, 1989. A timely notice of appeal was filed on May 12, 1989. The trial court dismissed appellant's motion to modify sentence on June 14, 1989.[2] On August 23, 1989, while appellant's direct appeal was pending in this Court, appellant filed, *pro se*, a petition under the Post Conviction Relief Act ("PCRA"). Appellant's PCRA petition was dismissed by the trial court without a hearing. Appellant filed a timely appeal from the denial of PCRA relief, which was consolidated with appellant's direct appeal.

## No. 1353 Philadelphia 1989

Appellant's first issue in his direct appeal[3] concerns alleged ineffectiveness of trial counsel. Appellant alleges that trial counsel was ineffective in: (1) failing to pursue discovery; (2) failing to seek suppression of certain evidence; (3) failing to assure that appellant's guilty pleas were voluntary, knowing and intelligent; and (4) failing to adequately represent appellant at his sentencing hearing.

Issues not raised in post-verdict motions will not ordinarily be considered on appeal. *Commonwealth v. Monarch*, 510 Pa. 138, 507 A.2d 74 (1986). Where ineffectiveness of trial counsel is alleged, the claim of ineffectiveness "must be raised at the earliest stage in the proceedings at which counsel whose effectiveness is being challenged no longer represents appellant." *Commonwealth v. House*, 371 Pa.

---

1. The minimum 48 months to which appellant was sentenced falls within the standard guideline range for appellant's guilty plea to burglary. All other prison terms to which appellant was sentenced run concurrently with appellant's four-to-ten year sentence for burglary. The maximum aggregate term of imprisonment which appellant could have received, as calculated by the trial court, was 56 years.

2. It would appear that the trial court lost jurisdiction to modify appellant's sentence on May 14, 1989. *See* Pa.R.A.P. 1701, Pa.R. Crim.P. 1410, comment; *Commonwealth v. Feagley*, 371 Pa.Super. 593, 538 A.2d 895 (1988).

3. We consider appellant's issues in an order different from their presentation in his appellate brief.

Super. 23, 27, 537 A.2d 361, 363 (1988); *Commonwealth v. Seachrist,* 478 Pa. 621, 624, 387 A.2d 661, 663 (1978).

■ Appellant's current counsel began representing him upon filing a timely motion to modify sentence on April 24, 1989. Appellant could have, without seeking an extension, challenged his guilty plea before the trial court up to and until this same date, pursuant to Pa.R.Crim.P. 321. Appellant's ineffectiveness claim was not raised until approximately three-and-one-half months later when his appellate brief was filed with this Court on August 7, 1989. Because appellant's claim of ineffectiveness was not raised "at the earliest stage in the proceedings" at which he was represented by current counsel, his ineffectiveness claims are waived. We note that we have examined appellant's claims of ineffectiveness and that, were we to deal with their merits, we would not find appellant entitled to relief.

■ Appellant's next issue in this appeal concerns the legality of his sentence. Appellant argues that because he has tested positive for antibodies to the Human Immunodeficiency Virus (HIV),[4] a sentence of imprisonment violates his right under the Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment. A defendant may challenge the legality of his sentence as of right; appellant did not waive the constitutionality of his sentence by failing to raise it in his motion to modify sentence. 42 Pa.C.S.A. § 9781(a); *Commonwealth v. Norris,* 498 Pa. 308, 446 A.2d 246 (1982); *Commonwealth v. Walker,* 468 Pa. 323, 362 A.2d 227 (1976); *Commonwealth v. Howard,* 373 Pa.Super. 246, 540 A.2d 960 (1988).

■ Appellant does not cite, nor are we aware of, any authority for his claim that incarcerating the physically infirm is *per se* cruel and unusual punishment. In *Commonwealth v. Carr,* 375 Pa.Super. 168, 543 A.2d 1232,

4. The Human Immunodeficiency Virus has been established to cause AIDS. Redfield, R.R. and Burke, D.S., "HIV Infection: The Clinical Picture" *Scientific American,* 90 (Oct.1988).

*appeal denied,* 520 Pa. 613, 554 A.2d 506 (1988), this Court rejected a similar argument made by an elderly litigant:

> Appellant does not contend that a sentence of two to four years imprisonment is *per se* cruel and unusual punishment or even that such a sentence is disproportionate to the harm occasioned by the crimes of which he is convicted. Rather, appellant presents the rather novel argument the sentence is *unconstitutional* (rather than merely an abuse of discretion) because the trial court rejected an alternative probationary scheme proposed by appellant which appellant argues would have protected the community while better accommodating appellant's special mental health needs. We reject this argument. We note that appellant has not established, and indeed does not even allege, that mental health services available within the Pennsylvania prison system cannot adequately meet appellant's alleged special mental health needs.

*Id.,* 375 Pa.Superior Ct. at 171, 543 A.2d at 1235.

The trial court in the case *sub judice,* as did the Court in *Carr,* rejected appellant's proposed alternative sentencing scheme in favor of imprisonment, and stated on the record its reasons for doing so. While we do not doubt appellant's assertion that his HIV infection will ultimately prove fatal, we find no indication in the record that appellant has yet exhibited any symptoms of AIDS.[5] That appellant may not live to see the end of his term of imprisonment does not, without more, make his sentence of four-to-ten years' imprisonment unconstitutional. We recognize the gravity of appellant's situation, but cannot and will not make the sweeping pronouncement he seeks. We hold that sentencing an HIV-infected convict to a term of imprisonment is not *per se* cruel and unusual punishment.[6]

---

5. Appellant sought a court-ordered physical examination, which the trial court denied.

6. Appellant is correct in stating that inadequate medical treatment violates a prisoner's eighth amendment rights. *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251, 261 (1976). Appellant has not alleged, however, that prison officials have been "deliberately indifferent" to his serious medical needs. *See, e.g., Estelle, supra;*

■ Appellant's final issue in his direct appeal concerns whether "principles of fairness and humanitarianism" dictate that he be released to a drug rehabilitation center in his home state of Massachusetts. This appears to present an appeal from the discretionary aspects of sentence. While appellant does not include a Pa.R.A.P. 2119(f) statement of reasons for allowance of appeal in his brief, the Commonwealth has not objected to this omission. We will therefore consider this issue. *Commonwealth v. Krum,* 367 Pa.Super. 511, 533 A.2d 134 (1987).

We begin by noting that appellant has raised the appearance of a substantial question whether the sentence is appropriate, pursuant to 42 Pa.C.S.A. § 9781(b). Upon examination, however, we find no authority which would allow us to find that it is an abuse of discretion to sentence a physically infirm or drug addicted inmate to a term of imprisonment otherwise properly imposed. Quite to the contrary, *Commonwealth v. Landi,* 280 Pa.Super. 134, 421 A.2d 442 (1980), holds that it is within a trial court's discretion to imprison a paraplegic defendant.

The record shows that the trial court considered appellant's history of drug addiction and HIV infection, as well as his extensive prior criminal record, in determining that incarceration was appropriate. We hold that the trial court did not abuse its discretion in ordering appellant to serve a four-to-ten year term of imprisonment, a sentence within the standard guideline range. *See* n. 1, *supra.* Should appellant show symptoms of AIDS, the trial court has the discretion, pursuant to 61 P.S. § 81, to modify his sentence.

Having examined all three issues appellant raises in his direct appeal, and finding them to be of no merit, we affirm the judgment of sentence.

### No. 2729 Philadelphia 1989

■ The PCRA court dismissed appellant's petition based on the pendency of appellant's direct appeal. We agree

*Nottingham v. Peoria,* 709 F.Supp. 542, 546–547 (M.D.Pa.1988). Our holding does not prejudice appellant from seeking relief in an appropriate forum should prison officials show deliberate indifference to his serious medical needs.

that a Post Conviction Relief Act petition filed while a defendant's direct appeal remains pending is premature.[7] We therefore quash this appeal.

In No. 1353 Philadelphia 1989, judgment of sentence affirmed. In No. 2729 Philadelphia 1989, appeal quashed.

**7.** Our disposition of this appeal does not preclude appellant from refiling his petition at an appropriate time. *See Commonwealth v. Lawson,* 519 Pa. 504, 549 A.2d 107 (1988); *Commonwealth v. Blackwell,* 384 Pa.Super. 251, 558 A.2d 107 (1989).