625 A.2d 1249

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Donald R. FRALIC, Appellee.**

Superior Court of Pennsylvania.

Argued March 10, 1993.

Filed May 28, 1993.

Brian P. Gottlieb, Deputy Atty. Gen., Harrisburg, for Com., appellant.

Victor H. Pribanic, McKeesport, for appellee.

Before CIRILLO, POPOVICH and HESTER, JJ.

POPOVICH, Judge:

This is an appeal by the Commonwealth from the order of the Court of Common Pleas of Dauphin County which, *inter alia,* granted appellee's motion challenging validity of plea of *nolo contendere* and motion for leave to permit *nunc pro tunc* filing, permitted appellee to withdraw his plea and vacated appellee's judgment of sentence. Herein, the Commonwealth contends that the lower court did not have jurisdiction to allow the *nunc pro tunc* filing of the motion to withdraw the *nolo contendere* plea, to permit the plea to be withdrawn and to vacate appellee's sentence when more than thirty (30) days from the date of sentencing had elapsed. Further, the Commonwealth contends that, assuming the court had jurisdiction to entertain the motion, the lower court erred in granting the motion without first conducting a factual hearing to adjudicate the contested averments. We agree with the Commonwealth. Accordingly, we reverse the decision of the court below and remand for further proceedings in accordance with the provisions of this opinion.

The record reveals the following relevant factual and procedural history: Appellee was arrested and charged with fifteen (15) counts of theft by failure to make required disposition of funds received, 18 Pa.C.S.A. § 3927, and seven counts of filing false and fraudulent tax returns, 72 Pa.C.S.A. § 7268(a). The charges stemmed from appellee's failure to remit sales tax payments which he collected. Appellee entered into a plea agreement with the Commonwealth whereby he would enter a plea of *nolo contendere* to the charges and would make full restitution to the Commonwealth in the amount of $314,689.55. In exchange, the Commonwealth would not offer a sentencing recommendation and would stand mute as to the sentence imposed by the trial court. In addition, the written plea agreement provided that if appellee was dissatisfied for any reason with the sentence imposed, he would not be permitted to withdraw his plea.

On March 25, 1992, a hearing was held at which appellee entered his plea of *nolo contendere.* Appellee had completed an extensive written plea colloquy which he had reviewed with

his attorney, Mr. Sanford Kelson, Esquire. During the hearing, the Commonwealth recited the facts which served as to basis of the criminal charges, and appellee acknowledged that those were the facts to which he was entering his plea. Attorney Kelson then explained to the court that he had discussed the case with appellee, and that, in his opinion, the facts could lead to a possible "not guilty" verdict. However, Attorney Kelson represented that appellee "wanted to do the right thing and plead guilty anyway." N.T., 3/25/92, pp. 7–8. Prior to the hearing, appellee had fully reimbursed the Commonwealth in the amount of $314,689.55.

Appellee then waived the pre-sentence report, and the court proceeded to sentencing. Attorney Kelson then extensively outlined appellee's personal history and highlighted numerous mitigating factors. Appellee also expressed remorse for his actions. The court then sentenced appellee to pay the costs of prosecution, to pay a fine of $10,000, and to undergo incarceration in county jail for a period of five (5) to twenty-three (23) months. Appellee was ordered to report to jail on April 16, 1992. The Commonwealth then explained to appellee that he had ten (10) days within which to file a motion for reconsideration of sentence and thirty (30) days within which to perfect an appeal on those limited grounds set forth in his plea agreement. N.T., 3/25/92, p. 17. Attorney Kelson also stated that he would explain those rights to appellee.

On April 6, 1992, within ten days of sentencing, appellee filed a motion for reconsideration of sentence, requesting a sentence of probation plus community service. However, the lower court denied the motion for reconsideration the following day. Shortly thereafter, appellee retained new counsel, Victor Pribanic, Esquire. On April 13, 1992, more than ten days after sentencing, Attorney Pribanic filed a "Motion Challenging the Validity of Plea of Nolo Contendere and Motion for Leave to Permit Nunc Pro Tunc Filing", a "Petition for Relief Pursuant to the Post Conviction Relief Act and Order of Court" and a "Motion for Bail Pending Disposition of Defendant's Motion Challenging Validity of Plea of Nolo Contendere." The Commonwealth answered the motions and the

PCRA petition. A hearing solely on the bail motion was held on April 17, 1992, and, at the end of the hearing, the lower court granted appellee's bail request only.

Eventually, by order dated August 14, 1992, the trial court granted the motion for leave to permit *nunc pro tunc* filing to his motion challenging the validity of his plea. The court declared the plea "withdrawn" and vacated the sentence imposed. The court directed the case be listed for trial and continued bail. The lower court also declared the PCRA petition moot. This appeal by the Commonwealth followed.

In its Pa.R.App.R. 1925 opinion, the lower court contends it exercised "its inherent power to correct an illegal sentence or obvious and patent mistakes in its orders at any time." The court determined that appellee's *nolo contendere* plea was unlawful, and it felt it had jurisdiction to correct a manifest miscarriage of justice. In the alternative, if we determine the court was without jurisdiction to permit appellee to withdraw his plea, the lower court urges us to consider its action to be one of granting appellee's PCRA petition on the grounds that appellee's plea was unlawfully induced.

As a general rule, a trial court may not modify a final order once beyond the thirty-day statutory time limit set forth in 42 Pa.C.S.A. § 5505. *Commonwealth v. Butler*, 389 Pa.Super. 209, 210–13, 566 A.2d 1209, 1210–1211 (1989); *Commonwealth v. Sheppard*, 372 Pa.Super. 550, 539 A.2d 1333 (1988); *Luckenbaugh v. Shearer*, 362 Pa.Super. 9, 523 A.2d 399 (1987) (*en banc* ); see also, Pa.R.Crim.P. 1410, comment. Instantly, the lower court was without jurisdiction to act on appellee's motions once the thirty-day statutory time limit had expired on April 24, 1992. Therefore, we find that the lower court had no authority to permit appellee's to withdraw his plea and to vacate his judgment of sentence on August 14, 1992. The court's failure to act on the motions within the thirty-day period had the same legal effect as a denial of the motion. See Pa.R.Crim.P. 1410, comment; Pa.R.App.P. 1701.

The fact that the lower court granted appellee's motion for bail pending resolution of his other motions does not affect our

decision. In order to stay the running of the thirty-day period, the lower court needed to vacate appellee's judgment of sentence pending the resolution of the motions on their merits. Pa.R.Crim.P. 1410. The court also could have tolled the expiration of the thirty day period by granting appellee's motion for leave to file *nunc pro tunc* his motion to withdraw his plea. Then appellee's motion challenging the validity of his plea would have been "timely" filed pursuant to Pa. R.Crim.P. 321, and Pa.R.App.P. 343 would then require resolution of that motion prior to appeal. Pa.R.App.P. 343 provides that a timely motion challenging a plea shall act as an order expressly granting reconsideration of the judgment. The granting of bail simply did not toll the running of the thirty-day period. *See, Butler*, 566 A.2d at 1211 ("If the trial court desires additional time to reexamine its ruling, it must expressly grant reconsideration (Pa.R.A.P. 1701) or vacate its order within thirty-days.").

█ As for the lower court's alternate suggestion that we consider his order as one granting post-conviction relief, we reject it. "A motion for post-conviction collateral relief may be granted without a hearing when the motion and answer show that there is no genuine issue concerning material fact and that the defendant is entitled to relief as a matter of law." Pa.R.Crim.P. 1507(b). Instantly, the lower court held no hearings relative to the motion challenging the validity of appellee's plea, the motion for leave to file *nunc pro tunc* or the PCRA petition. A review of the record reveals numerous factual disputes regarding appellee's plea. Accordingly, we decline to consider the lower court's actions as a grant of appellee's PCRA petition. *Cf., Commonwealth v. Edwards*, 417 Pa.Super. 555, 559, 612 A.2d 1077, 1079 (1992) (bald assertion of counsel's ineffectiveness must fail without supporting evidence and argument or P.C.R.A. hearing).[1]

---

1. We note that appellee's PCRA petition was premature as it was filed before appellee had exhausted his direct appeal rights. As the Comment to Pa.R.Crim.P. 1501 clearly states, "Chapter 1500 Rules are intended to require that, in a single proceeding, the defendant shall raise and the court shall dispose of all grounds for relief available *after* conviction, post-trial or post-sentence motions, and exhaustion of the

In conclusion, we reverse the lower court's order of August 14, 1992, and we reinstate appellee's judgment of sentence.

Order reversed. Judgment of sentence reinstated, jurisdiction relinquished.

appellate process, either by affirmance or by failure to take a timely appeal." *See, Commonwealth v. O'Neil*, 393 Pa.Super. 111, 573 A.2d 1112 (1990). Our refusal to consider appellee's PCRA petition does not preclude his refiling of the petition at an appropriate time. *O'Neil*, 573 A.2d at 1116 n. 7.