**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Harun LESLIE, Appellant.**

Superior Court of Pennsylvania.

Submitted April 17, 2000.

Filed Aug. 7, 2000.

---

Robert P. Kline, New Cumberland, for appellant.

Jaime M. Keating, Asst. Dist., Atty., Carlisle, for Com., appellee.

Before McEWEN, President Judge, CAVANAUGH, and MONTEMURO *, JJ.

## OPINION

PER CURIAM:

¶ 1 This appeal has been taken from the order entered June 1, 1999, which denied, after an evidentiary hearing, the counseled, amended petition for relief filed by appellant, Harun Leslie, pursuant to the Post Conviction Relief Act (PCRA), 42 Pa. C.S. §§ 9541–9546. Appellant argues that the PCRA court erred when it rejected his claim that trial counsel was ineffective as a result of his failure to present a material fact witness who was available and willing to testify on his behalf. For the reasons that follow, the order denying PCRA relief must be vacated since the PCRA court did not have jurisdiction to proceed in the action while the appeal to the Superior Court was pending.

* Retired Justice assigned to the Superior Court.

¶ 2 After a three-day jury trial in September, 1997, while represented by Attorney R. Mark Thomas, appellant was convicted of the offenses of conspiracy to commit murder and receiving stolen property, and was sentenced on November 12, 1997, to an aggregate term of from 2½ years to 7 years imprisonment. Current counsel, Robert Peter Kline, Esquire, was appointed on November 14, 1997, to represent appellant on appeal, and on November 21, 1997, Attorney Kline filed a timely motion to modify and reduce sentence. This motion was denied by order entered January 16, 1998, and on February 13, 1998, a timely notice of appeal was filed. Judgment of sentence was affirmed on direct appeal by this Court by unpublished memorandum filed February 26, 1999. *Commonwealth v. Leslie*, 737 A.2d 808 (Pa.Super.1999).

¶ 3 Following the denial of his post-sentence motion on January 16, 1998, but one week prior to the institution of his direct appeal (which was filed on February 13, 1998), appellant, on February 6, 1998, filed a *pro se* petition for PCRA relief. While the trial court should have dismissed the PCRA petition without prejudice as premature, *Commonwealth v. O'Neil*, 393 Pa.Super. 111, 573 A.2d 1112 (1990), it failed to do so and instead proceeded on the merits of the petition, while the direct appeal proceeded through the Superior Court.

¶ 4 Attorney Kline caused an amended PCRA petition to be filed on April 24, 1998. The PCRA court conducted evidentiary hearings on June 16, 1998, and February 8, 1999. The Superior Court, by order dated February 26, 1999, affirmed the judgment of sentence and then, on June 1, 1999, the PCRA court dismissed the amended PCRA petition. This appeal timely followed.

¶ 5 A PCRA petition may **only** be filed after an appellant has waived or exhausted his direct appeal rights. *See: Commonwealth v. Fralic*, 425 Pa.Super.

581, 625 A.2d 1249, 1252 n. 1 (1993). The comments to Pa.R.Crim.P.1501 clearly state that the PCRA "is not intended to be a substitute for ... the availability of appeal or a post-sentence motion." Pa. R.Crim.P.1501. Further, "the defendant must raise ... all grounds for relief available after conviction and exhaustion of the appellate process." *Id.* Here, the PCRA court improperly proceeded on the merits of the petition during the pendency of the direct appeal.

¶ 6 We, therefore, vacate the order entered June 1, 1999, and remand for the appointment of new counsel to assist appellant in the amendment of his PCRA petition.[1]

¶ 7 Order vacated. Case remanded. Jurisdiction relinquished.

---

1. As the original PCRA petition was filed on February 6, 1998, any amendment thereto will not be barred by Section 9545(b) of the PCRA.