J-S25038-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RAYMOND LEROY ERWIN, JR., | |
| Appellant | No. 1880 WDA 2014 |

Appeal from the PCRA Order May 15, 2014
in the Court of Common Pleas of Jefferson County
Criminal Division at No.: CP-33-CR-0000581-2011

BEFORE: BENDER, P.J.E., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED MAY 06, 2015**

Appellant, Raymond Leroy Erwin, Jr., appeals, *nunc pro tunc*, from the order denying, after a hearing, his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Because the PCRA court improperly proceeded on the merits of the petition, which Appellant filed *pro se* during the pendency of his direct appeal, we vacate the order denying PCRA relief.

On May 15, 2012, following a trial, the jury found Appellant guilty of retail theft. On August 15, 2012, the trial court sentenced Appellant to a term of not less than nineteen months nor more than seven years' incarceration.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On August 24, 2012, Appellant's counsel filed a timely post-sentence motion. On November 14, 2012, the trial court denied the post-sentence motion. On December 12, 2012, Appellant's counsel filed a notice of appeal. On December 13, 2012, the trial court ordered counsel to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). On December 28, 2012, counsel requested an extension of time to file the Rule 1925(b) statement, which the trial court granted on January 3, 2013.

On January 11, 2013, despite counsel representing him, Appellant, acting *pro se*, filed the instant PCRA petition.[1] On March 14, 2013, Appellant's counsel filed a Rule 1925(b) statement in the pending direct appeal. The trial court issued an opinion in the direct appeal on April 4, 2013. *See* Pa.R.A.P. 1925(a). On November 12, 2013, this Court affirmed the judgment of sentence. (*See Commonwealth v. Erwin*, 91 A.3d 1281 (Pa. Super. 2013) (unpublished memorandum)).

On January 30, 2014, Appellant, by then represented by PCRA counsel, moved to amend his *pro se* PCRA petition. The PCRA court granted the motion, and Appellant filed an amended PCRA petition on February 11,

_____

[1] It is settled under Pennsylvania law that there is no right to hybrid representation either at trial or on the appellate level. *See Commonwealth v. Padilla*, 80 A.3d 1238, 1259 (Pa. 2013), *cert. denied*, 134 S. Ct. 2725 (2014). When a defendant who is represented by counsel files a *pro se* motion, brief, or petition, the court should file it and forward the document to counsel. *See id.* at 1258.

2014. The PCRA court held an evidentiary hearing on May 2, 2014. On May 15, 2014, the PCRA court denied the PCRA petition on the merits. On November 3, 2014, Appellant sought leave to appeal the denial of his PCRA petition *nunc pro tunc*. The PCRA court granted his request on that same day. The instant appeal followed. On November 18, 2014, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). Appellant complied on November 20, 2014. On November 21, 2014, the PCRA court issued a Rule 1925(a) opinion referring this Court to its earlier opinion denying Appellant's PCRA petition. (*See* Opinion Pursuant to Pa.R.A.P. 1925(a), 11/21/14, at unnumbered page 1).

Appellant raises two questions for our review:

(1) Whether the [PCRA] court erred in failing to find [Appellant] was prejudiced by trial counsel's ineffectiveness and [Appellant was] entitled to a new trial when, during jury trial, trial counsel failed to object and request a new trial when the Commonwealth introduced before the jury, through cross examination of [Appellant], evidence of [Appellant]'s prior *crimen falsi* convictions for the purpose of attacking [Appellant]'s credibility, where such questioning and testimony went beyond the name, time, and place of the prior crimes and the punishment received, and the details of the prior crimes were exploited by the Commonwealth at trial?

(2) Whether the [PCRA] court erred in failing to find that [Appellant] was prejudiced by trial counsel's ineffectiveness and [Appellant was] entitled to a new trial when, during closing argument to the jury, the Commonwealth, without trial counsel objecting or requesting a new trial, engaged in improper and prejudicial conduct by telling the jury [Appellant] lied in his testimony?

- 3 -

(Appellant's Brief, at 4).

Our standard of review for an order denying PCRA relief is well settled:

This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record.

*Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011), *appeal denied*, 72 A.3d 600 (Pa. 2013) (citations and quotation marks omitted).

Preliminarily, we must consider whether the PCRA court had jurisdiction to address Appellant's claims. Pennsylvania Rule of Criminal Procedure 901 provides that "[a] petition for post-conviction collateral relief shall be filed within one year of the date the judgment becomes final, except as otherwise provided by statute." Pa.R.Crim.P. 901(A); *see also* 42 Pa.C.S.A. § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the Pennsylvania or United States Supreme Courts, or at the expiration of the time for seeking such review. *See* 42 Pa.C.S.A. § 9545(b)(3).

In *Commonwealth v. Leslie*, 757 A.2d 984 (Pa. Super. 2000), the appellant filed a PCRA petition before he exhausted his direct appeal rights. This Court held that the PCRA court lacked jurisdiction to proceed in the action, stating:

A PCRA petition may **only** be filed after an appellant has waived or exhausted his direct appeal rights. *See* *Commonwealth v. Fralic*, 425 Pa. Super. 581, 625 A.2d 1249,

> 1252 n.1 (1993) [(noting that defendant's PCRA petition was premature because it was filed before he had exhausted his direct appeal rights)]. The comments to Pa.R.Crim.P. [901] clearly state that the PCRA "is not intended to be a substitute for . . . the availability of appeal or a post-sentence motion." Pa.R.Crim.P. [901]. Further, "the defendant must raise . . . all grounds for relief available after conviction and exhaustion of the appellate process [either by affirmance or by the failure to take a timely appeal.]" *Id.*

*Leslie*, *supra* at 985-86 (emphasis in original)[2]; *see also Commonwealth v. Seay*, 814 A.2d 1240, 1241 (Pa. Super. 2003) (stating that PCRA petition filed during pendency of direct appeal is premature and must be quashed); *Commonwealth v. Kubis*, 808 A.2d 196, 198 n.4 (Pa. Super. 2002), *appeal denied*, 813 A.2d 839 (Pa. 2002) (stating that PCRA has no applicability until judgment of sentence becomes final).

Here, Appellant's judgment of sentence became final on December 12, 2013, after this Court affirmed and the thirty-day period to seek leave to appeal to the Pennsylvania Supreme Court expired. *See* Pa.R.A.P. 1113, comment. However, Appellant filed the instant PCRA petition on January 11, 2013, during the pendency of his direct appeal. Because Appellant filed the PCRA petition before the judgment of sentence became final, the petition was premature. *See Leslie*, *supra* at 985-86; *see also Seay*, *supra* at 1241; *Kubis*, *supra* at 198 n.4; 42 Pa.C.S.A. § 9545(b)(3). Although the PCRA court should have dismissed the petition without prejudice as

---

[2] The *Leslie* Court quoted the comment to previous Rule 1501; current Rule 901 includes identical language in its comment.

premature, **_see Leslie_**, **_supra_** at 985-86, the court instead addressed it on the merits. Because the PCRA court improperly addressed the merits of Appellant's petition, we are constrained to vacate its order denying the petition.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_(signature)_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/6/2015