J-S25042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RAYMOND LEROY ERWIN, JR. | |
| Appellant | No. 1672 WDA 2015 |

Appeal from the Order Entered October 6, 2015
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000581-2011

BEFORE:  FORD ELLIOTT, P.J.E., MUNDY, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED MAY 27, 2016**

Raymond Erwin files this appeal from an order dated October 6, 2015 denying his second petition for relief under the Post Conviction Relief Act ("PCRA")[1].  For the reasons that follow, we quash this appeal.

The procedural history of this case is somewhat convoluted.  On May 15, 2012, a jury found Erwin guilty of retail theft, graded as a third degree felony.[2]  On August 15, 2012, Erwin was sentenced to 19 months – 7 years' imprisonment.  Erwin filed a timely post-sentence motion, which the court denied on November 14, 2012.  On December 12, 2012, Erwin filed a timely direct appeal.

_____

[1] 42 Pa.C.S. § 9541 *et seq*.

[2] 18 Pa.C.S. § 3929(b)(1)(v).

On January 11, 2013, while his direct appeal was pending, Erwin filed a PCRA motion alleging ineffective assistance of trial counsel.[3] The lower court appointed PCRA counsel to represent Erwin.

On November 12, 2013, the Superior Court affirmed Erwin's judgment of sentence in his direct appeal at 1956 WDA 2012. Erwin did not file a petition for allowance of appeal to the Pennsylvania Supreme Court.

On January 30, 2014, PCRA counsel filed a motion for leave to file an amended PCRA petition, which the lower court granted on the same day. On February 11, 2014, PCRA counsel filed an amended PCRA petition alleging claims of ineffective assistance of trial counsel that Erwin did not raise in his original *pro se* petition.[4]

On May 2, 2014, the lower court convened an evidentiary hearing on the amended PCRA petition in which the lone witness was Erwin's trial counsel. In an opinion and order dated May 15, 2014, the lower court denied Erwin's amended PCRA petition.

_____

[3] Erwin asserted that trial counsel was ineffective for failing to impeach a Commonwealth witness with evidence that the witness' in-court testimony contradicted the report he had earlier given to the police.

[4] The new claims of ineffective assistance were that trial counsel (1) improperly permitted the Commonwealth to introduce prejudicial evidence concerning specific events underlying Erwin's prior convictions for *crimen falsi* and (2) failed to object to the prosecutor's closing argument that Erwin lied five times during his testimony.

Erwin did not appeal within thirty days after entry of the order denying PCRA relief. On November 3, 2014, PCRA counsel filed a motion on Erwin's behalf requesting leave to appeal *nunc pro tunc*. On the same date, the lower court granted Erwin leave to appeal *nunc pro tunc*. On November 12, 2014, Erwin filed a notice of appeal.

In a memorandum entered on May 6, 2015, this Court vacated the order denying PCRA relief. The panel reasoned that Erwin's PCRA petition was premature because he filed it while his direct appeal was pending. Therefore, the panel stated, the lower court should have dismissed the PCRA petition instead of addressing its merits. **Commonwealth v. Erwin**, 1880 WDA 2014, at 4-5 (Pa.Super., 5/6/15).

On May 8, 2015, Erwin received this Court's decision. On May 15, 2015, Erwin filed a second PCRA petition, the petition under review in the present appeal, re-alleging the claims asserted in his prior PCRA petition. On June 4, 2015, Erwin filed an amendment to the second PCRA petition claiming that it was timely under the "government interference" exception to the PCRA's one year statute of limitations, 42 Pa.C.S. § 9545(b)(1)(i). According to Erwin, the lower court interfered with his right to file a timely PCRA petition by addressing his prior untimely petition on the merits instead of dismissing it as premature.

In an opinion and order on October 6, 2015, the lower court held that Erwin's second PCRA petition was timely under section 9545(b)(1)(i). "Had this Court dismissed [Erwin's first PCRA] petition when it first arrived," the

lower court wrote, "Erwin would have known of his mistake and had an informed opportunity to comply with the [PCRA's statute of limitations] … In failing to dismiss that petition, then, the Court interfered with Erwin's right to file a timely PCRA petition, and it was not until early May [2015] that he became aware of it."  Opinion On Second PCRA Petition, at 2.  Thus, "for purposes of [section 9545(b)(1)(i)], Erwin is easily within the extended statute of limitations.  He learned no earlier than May 8, 2015 that the Court effectively caused him to lose his statutory right to file a timely PCRA, and it was only 1 week later when he filed his second PCRA petition." *Id*.  Having found that it had jurisdiction over Erwin's second PCRA petition, the lower court denied it on the merits for the reasons provided in its May 15, 2014 order. *Id*.

On October 21, 2015, Erwin filed a notice of appeal to this Court.  Both Erwin and the lower court complied with Pa.R.A.P. 1925.

Erwin raises two issues in this appeal:

Whether the trial court erred in failing to find [Erwin] was prejudiced by trial counsel's ineffectiveness and [was] entitled to a new trial when, during [Erwin's] jury trial, trial counsel failed to object and request a new trial when the Commonwealth introduced before the jury, through cross examination of [Erwin], evidence of [Erwin's] prior *crimen falsi* convictions for the purpose of attacking [Erwin's] credibility, where such questioning and testimony went beyond the name, time, and place of the prior crimes and the punishment received, and the details of the prior crimes were exploited by the Commonwealth at trial?

Whether the trial court erred in failing to find that [Erwin] was prejudiced by trial counsel's ineffectiveness and [Erwin] entitled

- 4 -

to a new trial when, during closing argument to the jury, the Commonwealth, without trial counsel objecting or requesting a new trial, engaged in improper and prejudicial conduct by telling the jury [that Erwin] lied in his testimony?

Brief For Appellant, at 4.

We cannot address these claims unless Erwin's second PCRA petition is timely, for no court has jurisdiction to hear an untimely PCRA petition. *See Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super.2010). The PCRA provides that a petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1); *accord Monaco*, 996 A.2d at 1079. A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

The PCRA provides three limited exceptions in which a court may excuse the late filing of a PCRA petition. 42 Pa.C.S. § 9545(b)(1); *Monaco*, 996 A.2d at 1079. One of these exceptions, the "government interference" exception, is the provision that Erwin and the lower court rely upon in the present case.[5] Under this exception, the late filing of a petition will be excused if a petitioner alleges and proves that "the failure to raise the claim

_____

[5] Erwin does not contend that his present petition is timely under the other two exceptions – the "newly acquired evidence" exception or the "new rule of law" exception. *See* 42 Pa.C.S. § 9545(b)(1)(ii-iii). Having reviewed the record, we find it clear that these exceptions are inapplicable.

previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States." 42 Pa.C.S. § 9545(b)(1)(i).  A petition invoking an exception to the PCRA time-bar must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Erwin's judgment of sentence became final on December 12, 2013, his deadline for filing a petition in the Pennsylvania Supreme Court seeking review of this Court's order affirming his judgment of sentence on direct appeal.  *See* 42 Pa.C.S. § 9545(b)(3).  Thus, the statute of limitations for filing a PCRA petition expired on December 12, 2014.  His present petition filed on May 15, 2015 is facially untimely.

Nor does Erwin's petition fit within the "government interference" exception to the statute of limitations.  This exception applies when, for example, the court affirmatively misleads the petitioner on a material issue. *See*, *e.g.*, *Commonwealth v. Blackwell*, 936 A.2d 497, 502 (Pa.Super.2007) ("the PCRA court's erroneous notification to Appellant that PCRA counsel had withdrawn amounted to governmental interference" that excused his untimely filing of third PCRA petition alleging ineffective assistance by PCRA counsel).  Conceivably, this exception could also apply when the government conceals exculpatory evidence from the petitioner. *See*, *e.g.*, *Commonwealth v. Stokes*, 959 A.2d 306 (Pa.2008) (suggesting

that concealment of **Brady** material could form basis for relief under government interference exception if petitioner files PCRA petition within 60 days after discovery of concealment).

In the present case, the lower court lacked jurisdiction over Erwin's January 11, 2013 PCRA petition, because he filed it while his direct appeal was pending. **See Commonwealth v. Leslie**, 757 A.2d 984, 985 (Pa.Super.2000) (PCRA petition filed during pendency of direct appeal should be dismissed without prejudice as premature). Instead of dismissing Erwin's PCRA petition, the lower court held an evidentiary hearing on the petition and then denied it in May 2014. Erwin subsequently appealed, and on May 6, 2015, this Court ruled that his PCRA petition was premature.[6] By this point, it was too late for Erwin to file a timely PCRA petition, because the statute of limitations had expired in December 2014.

_____

[6] Notably, this decision applied both to Erwin's original PCRA petition, which was filed *before* this Court decided his direct appeal, and his amended PCRA petition adding new claims, even though it was filed *after* this Court decided his direct appeal. This Court's decision did not distinguish between the original and amended petitions; the plain language of its decision covers *all* claims in the original and amended filings. **See Commonwealth v. Erwin**, 1880 WDA 2014, at *6 ("Because the PCRA court improperly addressed the merits of Appellant's petition, we are constrained to vacate its order denying the petition"). Under the doctrine of coordinate jurisdiction, we must comply with this decision. **See Commonwealth v. Starr**, 664 A.2d 1326, 1331 (Pa.1995) ("upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court").

We acknowledge that these facts are unfortunate, and we commend the lower court's gallantry in opining that it interfered with Erwin's right to file a timely PCRA petition by entertaining his premature PCRA petition. Nevertheless, we decline to conclude that the lower court "interfered" with Erwin's rights. In 2013, when Erwin filed his premature petition, it was well-settled under *Leslie* that defendants cannot file PCRA petitions while their direct appeals remain pending. Moreover, Erwin was represented by counsel for 15½ of the 16 months in which the lower court entertained Erwin's PCRA petition. The lower court did nothing during this time to prevent counsel (or, for that matter, Erwin himself) from researching the law; ascertaining that Erwin's PCRA petition was premature; discontinuing the premature petition; and filing a new, timely PCRA petition. The lower court should not bear the blame for what Erwin and his attorney failed to do themselves.

For these reasons, the lower court lacked jurisdiction over Erwin's present PCRA petition. Therefore, we quash this appeal.

Appeal quashed.

Judge Mundy Concurs in Result.

President Judge Emeritus Ford Elliott files a Dissenting Memorandum Statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/27/2016