J. S55044/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| PHILOME CESAR, | : | No. 91 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered December 5, 2017,
in the Court of Common Pleas of Lehigh County
Criminal Division at Nos. CP-39-CR-0005299-2010,
CP-39-CR-0005301-2010, CP-39-CR-0005302-2010

BEFORE:  OLSON, J., STABILE, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED OCTOBER 23, 2018**

Philome Cesar appeals ***pro se*** from the December 5, 2017 order
denying his request for an extension of time "to continue timely and
diligently on appellant [sic] process[.]"  (***Pro se*** letter, 11/30/17 at ¶ 1.)
After careful review, we affirm.[1]

The PCRA court summarized the relevant facts and procedural history
of this case as follows:

> After a jury trial, [appellant] was found guilty in the
> above-captioned matters of nineteen (19) counts of
> Robbery, and one (1) count of False Identification to

---

[1] Although this is an unusual appeal, we find that we have jurisdiction in this matter because the December 5, 2017 order is effectively a final order in that, as explained more fully below, appellant has exhausted his appeal process in this matter and there exist no further claims of any party.  ***See*** Pa.R.A.P. 341(b) (stating an order is not final for purposes of an appeal unless, ***inter alia***, the order "disposes of all claims and of all parties . . . .").

Law Enforcement. Thereafter, [appellant] was sentenced on December 20, 2011, to an aggregate term of state imprisonment of not less than ninety-five (95) years nor more than one hundred ninety (190) years. Then, on December 30, 2011, [appellant] filed Post Sentence Motions. By Order of January 6, 2012, this Court denied [appellant's] requested relief. A direct appeal was filed on February 2, 2012. The Superior Court of Pennsylvania affirmed this Court's judgment of sentence on April 25, 2013. [*See Commonwealth v. Cesar*, 75 A.3d 564 (Pa.Super. 2013) (unpublished memorandum), *appeal denied*, 77 A.3d 635 (Pa. 2013).] On May 23, 2013, [appellant] filed a Petition for Allowance of Appeal with the Supreme Court of Pennsylvania. This request was denied on October 10, 2013. [*Id.*] Thereafter, on July 25, 2014, [appellant] filed a Motion for Post Conviction Collateral Relief, as amended on December 11, 2014. An evidentiary hearing relative to [appellant's] motion was conducted before this Court on April 17, 2015. Thereafter, on May 13, 2015, this Court denied in part [appellant's] requested relief.[2] Two appeals followed on or about June 11, 2015 and June 12, 2015; one filed *pro se* and the other filed by counsel, respectively. Thereafter, on July 8, 2016, one appeal (1853 EDA 2015) was dismissed by the Superior Court of Pennsylvania. [*See Commonwealth v. Cesar*, 154 A.3d 846 (Pa.Super. 2016).] Additionally, on July 20, 2016, the other appeal (1718 EDA 2015) was affirmed by the Superior Court of Pennsylvania. [*See Commonwealth v. Cesar*, 154 A.3d 861 (Pa.Super. 2016) (unpublished memorandum), *appeal denied*, 163 A.3d 400 (Pa. 2016).] Then, on August 18, 2016, a petition for allowance of appeal was filed. Subsequently, on December 5,

---

[2] Following the April 17, 2015 evidentiary hearing, the PCRA court granted appellant's petition in part, awarding him a new sentencing hearing pursuant to *Alleyne v. United States*, 570 U.S. 99 (2013). On June 12, 2015, appellant was subsequently resentenced to an aggregate term of 95 to 190 years' imprisonment.

2016, the Supreme Court of Pennsylvania denied the [appellant's] petition for allowance of appeal. [*Id.*]

PCRA court opinion, 1/9/18 at 2-3 (internal footnotes omitted).

On November 30, 2017, appellant sent a *pro se* letter to the PCRA court requesting "an extension of time [of] 120 days to continue timely and diligently on appellant [sic] process[.]" (*Pro se* letter, 11/30/17 at ¶ 1.) As noted, the PCRA court entered an order on December 5, 2017, denying appellant's request. (*See* PCRA court order, 12/5/17.) This timely appeal followed on December 28, 2017. The PCRA court did not order appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). Nonetheless, the PCRA court filed its Rule 1925(a) opinion on January 9, 2018. Thereafter, on January 31, 2018, this court issued a *per curiam* order directing appellant to show cause as to why this appeal should not be quashed. Appellant filed a response to the rule to show cause order on February 14, 2018.[3]

Appellant raises the following issues for our review:

> I. Whether the PCRA Court's denial of [appellant's] "Motion for an Extension of Time 120 Days to Continue Timely and Diligently on Appellant [sic] Process[]" involves a right that is to [sic] important to be denied review[?]
>
> II. Whether PCRA Court has properly reviewed [a]ppellant[']s Issues, therefore rendering [a]ppellant[']s appeal process exhausted and

---

[3] There is no indication on the docket as to whether the rule to show cause order was discharged and this issue was deferred to the merits panel.

> [PCRA] court's denial of his motion, for extension of time, legal and appropriate[?]

Appellant's brief at 8.

Instantly, we discern no error on the part of the PCRA court in denying appellant's request in this matter. The record reflects that appellant has already exhausted his appeal process, and his claim for an extension of time is, therefore, baseless. As noted, on July 20, 2016, a panel of this court affirmed the PCRA court's order dismissing appellant's first petition, and our supreme court denied his petition for *allocator* on December 5, 2016. *See Commonwealth v. Cesar*, 154 A.3d 861 (Pa.Super. 2016) (unpublished memorandum), *appeal denied*, 163 A.3d 400 (Pa. 2016). Appellant, of course, is free to file a subsequent petition for post-conviction collateral relief, raising any exceptions to the PCRA[4] time-bar that he deems applicable. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii); *Commonwealth v. Leslie*, 757 A.2d 984, 986 (Pa.Super. 2000) (noting that a defendant "must raise . . . all grounds for relief available after conviction and exhaustion of the appellate process" in a PCRA petition (citation omitted)).

Order affirmed.

---

[4] Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

J. S55044/18

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/23/18