J-A18016-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM JAVONTAY DEBOLD | : | |
| | : | |
| Appellant | : | No. 540 WDA 2018 |

Appeal from the PCRA Order March 26, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0008172-2014

BEFORE:  BOWES, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.:                    FILED SEPTEMBER 10, 2019

Appellant William Javontay Debold appeals from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We are constrained to quash this appeal because the PCRA petition was filed prematurely before the trial court.  Accordingly, we lack jurisdiction to consider the appeal of the trial court's dismissal of the PCRA petition.

On August 1, 2014, Appellant was charged with one count of possession of firearm prohibited and one count of firearms not to be carried without a license.[1]  Appellant, who was represented by Rebecca Hudock, Esq. (trial counsel), signed a written guilty plea colloquy and entered a guilty plea on both counts on February 12, 2015.  That same day, the trial court sentenced

_____

[1] 18 Pa.C.S. §§ 6105(a)(1), 6106(a)(1).

Appellant to a term of four to eight years' incarceration for possession of firearm prohibited and no further penalty for firearms not to be carried without a license.

On February 13, 2015, Appellant's trial counsel timely filed a post-sentence motion for reconsideration of sentence. The trial court did not enter an order resolving Appellant's post-sentence motion, and Appellant did not take a direct appeal.

Appellant filed a pro se PCRA petition, which the PCRA court docketed on February 16, 2016. The PCRA court appointed PCRA counsel, Suzanne M. Swan, Esq., on April 25, 2016. On August 18, 2017, PCRA counsel filed an amended petition claiming that Appellant did not knowingly enter into the guilty plea and that trial counsel was ineffective.

On October 6, 2017, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the PCRA petition without a hearing. Appellant did not file a response. The PCRA court issued an order on March 26, 2018, dismissing Appellant's PCRA petition.

Appellant filed a notice of appeal on April 16, 2018, and complied with the PCRA court's order to file a concise statement pursuant to Pa.R.A.P. 1925(b). The PCRA court issued a Rule 1925(a) opinion.

Appellant raises one issue for our review:

> Did the [PCRA] court abuse its discretion in denying the PCRA petition insofar as [Appellant] established the merits of the claim that his guilty plea was not knowingly and voluntarily entered, and that counsel was ineffective for not objecting to, or moving to withdraw the invalid plea on the grounds that [Appellant]

- 2 -

erroneously believed that his new sentence would run concurrently with any subsequently imposed backtime for a parole violation?

Appellant's Brief at 4.

As a preliminary matter, we must determine whether Appellant's PCRA petition was properly before the PCRA court. See Commonwealth v. Harris, 114 A.3d 1, 6 (Pa. Super. 2015) (stating that "[w]hen a PCRA court lacks jurisdiction to consider the merits of a petition, we likewise lack jurisdiction to consider an appeal from disposition of the petition" (citation omitted)). This Court "may sua sponte consider whether we have jurisdiction to consider the merits of the claims presented." Id. (citation omitted). Specifically, we consider the procedural breakdown caused by the trial court's failure to enter an order disposing of Appellant's timely post-sentence motion. See id.

This Court has stated that "[a] PCRA petition may only be filed after an appellant has waived or exhausted his direct appeal rights." Commonwealth v. Leslie, 757 A.2d 984, 985 (Pa. Super. 2000) (per curiam) (emphasis in original and citation omitted); accord 42 Pa.C.S. § 9545(b)(1)-(2) (stating that a petition "shall be filed within one year of the date the judgment becomes final" and that "a judgment becomes final at the conclusion of direct review . . . or at the expiration of time for seeking the review"). When a defendant files a timely post-sentence motion, the finality of the judgment of sentence is governed by Pa.R.Crim.P. 720. Pursuant to Rule 720(B)(3)(c), the trial court must decide the motion within 120 days or the motion is deemed denied by operation of law. Pa.R.Crim.P. 720(B)(3)(a), (c). The clerk of courts "shall

[then] forthwith enter an order on behalf of the court denying the motion by operation of law." Pa.R.Crim.P. 720(B)(3)(c). When timely post-sentence motions are filed, the judgment of sentence is not final until the appropriate order is entered on the docket. Commonwealth v. Claffey, 80 A.3d 780, 783 (Pa. Super. 2013) (footnote omitted) (citing Commonwealth v. Borrero, 692 A.2d 158, 159 (Pa. Super. 1997)).

Here, the trial court sentenced Appellant on February 12, 2015. Appellant filed a timely post-sentence motion on February 13, 2015. The trial court did not address the motion within the 120-day time period, and the motion was deemed denied by operation of law on June 15, 2015. See Pa.R.Crim.P. 720(B)(3)(a); see also 1 Pa.C.S. § 1908. The clerk of courts, however, failed to enter the order denying the motion by operation of law. See Pa.R.Crim.P. 720(B)(3)(c). Therefore, because of this breakdown in the operation of the courts, there was no order triggering Appellant's right to take a direct appeal. See Borrero, 692 A.2d at 159.

We conclude that Appellant's sentence was not final when Appellant filed his PCRA petition, such that the PCRA court lacked jurisdiction to consider the merits of the petition. See Harris, 114 A.3d at 6. Accordingly, we quash this appeal because this Court lacks jurisdiction to consider the appeal of the dismissal of Appellant's prematurely filed PCRA petition. See id.

Appeal quashed.

Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/10/2019</u>