J-S56028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARK FORD | : | |
| | : | |
| Appellant | : | No. 338 EDA 2019 |

Appeal from the Judgment of Sentence Entered March 20, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002874-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARK FORD | : | |
| | : | |
| Appellant | : | No. 339 EDA 2019 |

Appeal from the Judgment of Sentence Entered March 20, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004136-2015

BEFORE: PANELLA, P.J., OLSON, J., and NICHOLS, J.

MEMORANDUM BY OLSON, J.:                    **FILED DECEMBER 03, 2019**

Appellant, Mark Ford, purports to appeal *nunc pro tunc* from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County after the court granted his petition filed pursuant to the Post Conviction Relief Act ("PCRA") 42 Pa.C.S.A. §§ 9541-9546, and restored his right to file a direct appeal. We hold that the PCRA court lacked jurisdiction to reinstate

Appellant's direct appeal rights *nunc pro tunc*. Accordingly, we vacate the PCRA court's order and quash Appellant's appeal for lack of jurisdiction.

On December 5, 2016, Appellant entered an open guilty plea in two cases. Specifically, regarding Docket Number CP-51-CR-0002874-2015 (hereinafter, Docket Number 2874-2015), Appellant entered an open guilty plea to: rape by forcible compulsion,[1] involuntary deviate sexual intercourse ("IDSI") by forcible compulsion,[2] robbery,[3] kidnapping for ransom,[4] unlawful restraint,[5] possession of an instrument of crime,[6] and terroristic threats.[7] In addition, regarding Docket Number CP-51-CR-0004136-2015 (hereinafter, Docket Number 4136-2015), Appellant pled guilty to robbery, kidnapping for ransom, access device fraud,[8] indecent assault by forcible compulsion,[9] and terroristic threats.

---

[1] 18 Pa.C.S.A. § 3121(a)(1).

[2] 18 Pa.C.S.A. § 3123(a)(1).

[3] 18 Pa.C.S.A. § 3701(a)(1)(i).

[4] 18 Pa.C.S.A. § 2901(a)(1).

[5] 18 Pa.C.S.A. § 2902(a)(1).

[6] 18 Pa.C.S.A. § 907(a).

[7] 18 Pa.C.S.A. § 2706(a)(1).

[8] 18 Pa.C.S.A. § 4106(a)(1).

[9] 18 Pa.C.S.A. § 3126(a)(2).

The PCRA court set forth the relevant factual and procedural background of this matter as follows:

On [Docket Number 2874-2015, Appellant] pled guilty to the following facts.

If she were to testify, [the victim, I.J.] would testify that on [February 8, 2015] around 5:50 [a.m.], at the time she was [22-years-old,] [I.J.] was walking on 66th Avenue from Broad Street on her way to go to work and catch the bus. [Appellant] approached [I.J.] from behind[,] put an object to her back which [I.J.] believed to be a gun, pulled her into a secluded driveway, vaginally raped her, and forced [I.J.] to perform oral intercourse on [Appellant] until [he] ejaculated in her mouth.

At that point, [Appellant] had [I.J.] spit into a paper, wipe her tongue, and ordered [I.J.] to give [Appellant] her underwear. He also took [I.J.'s] identification card, cell phone, and bank card[,] as well as [$5.00]. He told [I.J.] that if she told anyone what happened, he would kill her and her family. [I.J.] disclosed to her grandmother. Police were notified. A rape kit was taken from her. [Appellant's] DNA was found on [I.J.'s] tongue.

On [Docket Number 4136-2015, Appellant] pled guilty to the following facts.

[T.A.] would testify that on February 10, 2015, around 10:30 [p.m.], at the time she was [23-years-old,] [T.A.] was waiting for her bus at 6600 5th Street when [Appellant] approached her and grabbed her. [T.A.] tried to scream for help. [Appellant] placed a scarf over [T.A.'s] mouth and told her he had a gun, [and] that he was going to rob her and then kill her afterwards. He led [T.A.] to a secluded area between some houses where he demanded money from her and began looking through her purse. [Appellant] demanded [T.A.] call her bank to see how much money she had in her account[.] When he found out how much money she had, [Appellant] took [T.A.] to the Sunoco gas station located at 440 West Cheltenham Avenue in Philadelphia[, Pennsylvania]. This is all on surveillance video. [Appellant] had [T.A.] withdraw money from an ATM inside the store. [T.A.] withdrew [$200.00] and gave it to [Appellant]. He

then took the debit card and withdrew an additional [$200.00] from her account. When he left, [Appellant] took [T.A.'s] identification card, [and] told her he wanted to know where she lived and what she looked like in case she reported the incident to police. [Appellant] then grabbed [T.A.'s] butt and said [] that she had a soft butt and he wanted to take her to a hotel. He had her call a cab, which is reflected in [T.A.'s] phone records, to take them to a hotel. [While] they were waiting for a cab to pick them up, someone in the gas station called the police. [The police] arrive[d]. They arrested [Appellant]. They recovered from [Appellant] [the] withdrawn money, [T.A.'s] identification card, and the ATM receipt.

After the incident, a photo array was presented to [I.J., wherein she positively identified Appellant]. That would be the sum and substance of the Commonwealth's case.

Following a thorough colloquy, [the trial court] accepted [Appellant's] guilty plea to the above facts and deferred sentencing to March 20, 2017, pending completion of a presentence investigation, mental health evaluation, and an evaluation by the Sexual Offenders Assessment Board. [Before his sentencing hearing], [Appellant] filed a *pro se* motion to withdraw his guilty plea. The Commonwealth filed a response on March 6, 2017. On March 20, 2017, prior to being sentenced, defense counsel informed [the trial court] that [Appellant] was withdrawing his *pro se* motion. That same day, [Appellant] was sentenced to an aggregate term of [12] to [41] years['] of incarceration.

PCRA Court Opinion, 3/6/19, at 1-3 (footnotes omitted).

On March 30, 2017, Appellant filed a motion for reconsideration of sentence. Appellant's Motion for Reconsideration, 3/30/17, at 1. While Appellant's motion for reconsideration was still pending, on June 22, 2017, Appellant filed a *pro se* PCRA petition. Appellant's PCRA Petition, 6/22/17, at 1-9. Within his petition, Appellant claimed that trial counsel was ineffective

for failing to file a direct appeal. *Id.* Thus, he sought leave to file a direct appeal *nunc pro tunc*. *Id.* at 5.

The trial court denied Appellant's motion for reconsideration of sentence on July 17, 2017. Trial Court Order, 7/17/17, at 1. Three days later, counsel appointed to represent Appellant in connection with his PCRA petition entered his appearance. PCRA Court Opinion, 3/6/19, at 3. On February 27, 2018, court-appointed counsel filed a motion to withdraw as counsel and a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). "On March 14, 2018, after finding [] counsel's *Finley* letter inadequate, [the PCRA court] permitted counsel to withdraw and ordered a new attorney to be appointed to represent [Appellant]." PCRA Court Opinion, 3/6/19, at 3. Subsequently, on October 30, 2018, new counsel filed an amended PCRA petition asserting that trial counsel was ineffective for failing to file a direct appeal on Appellant's behalf. Appellant's Amended PCRA Petition, 10/30/18, at 1-13. On January 25, 2019, the PCRA court reinstated Appellant's appellate rights *nunc pro tunc*. PCRA Court Opinion, 3/6/19, at 3. This timely appeal followed.[10]

---

[10] Appellant filed two notices of appeal on January 30, 2019, separately listing each docket number. *See Commonwealth v. Walker*, 185 A.3d 969, 977 (Pa. 2018). On February 4, 2019, the trial court ordered Appellant to file a Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on March 6, 2019.

Appellant raises the following issue on appeal:

Did the trial court err by imposing an unduly harsh and excessive sentence in light of the mitigating factors presented by Appellant?

**See generally** Appellant's Brief at 7.

Before we address the merits of Appellant's discretionary sentencing claim, we must determine whether the PCRA court had jurisdiction to hear Appellant's PCRA petition. "This Court may consider the issue of jurisdiction *sua sponte*." **Commonwealth v. Grove**, 170 A.3d 1127, 1136–1137 (Pa. Super. 2017), *quoting* **Commonwealth v. Ivy**, 146 A.3d 241, 255 (Pa. Super. 2016). "When a PCRA court lacks jurisdiction to consider the merits of a petition, we likewise lack jurisdiction to consider an appeal from disposition of the petition." **Commonwealth v. Harris**, 114 A.3d 1, 6 (Pa. Super. 2015).

Pursuant to 42 Pa.C.S.A. §§ 9545(b)(1), a PCRA petition must be "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. §§ 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. §§ 9545(b)(3). The PCRA, however, "has no applicability until [an appellant's] judgment of sentence becomes final." **See Commonwealth v. Kubis**, 808 A.2d 196, n.4 (Pa. Super. 2002), *appeal denied* 813 A.2d 839 (Pa. 2002). Indeed, if a PCRA petition is filed before the petitioner "has waived or exhausted his direct appeal rights," the PCRA court lacks jurisdiction to proceed in the action.

*Commonwealth v. Leslie*, 757 A.2d 984, 985 (Pa. Super. 2000); *see also*

*Commonwealth v. Fralic*, 625 A.2d 1249, n.1 (Pa. Super. 1993);

*Commonwealth v. O'Neil*, 573 A.2d 1112, 1116 (Pa. Super. 1990).

In this case, Appellant's judgment of sentence became final on August 16, 2017, 30 days after the time for seeking appellate review with this Court expired. Appellant's PCRA petition, however, was filed on June 22, 2017, 25 days before the trial court denied reconsideration of his sentence, and 55 days before his right to file a direct appeal from his judgment of sentence expired. Because Appellant filed his PCRA petition before he waived or exhausted his direct appeal rights and before his judgment of sentence became final, it was premature. *See Leslie*, 757 A.2d at 985-986; *see also* 42 Pa.C.S.A. §§ 9545(b)(3). Therefore, the PCRA court lacked jurisdiction to proceed in this action. As such, we are constrained to vacate the PCRA court's order granting Appellant leave to file a *nunc pro tunc* appeal from the judgment of sentence.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/3/19