J-S08006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BRIAN MCPHEARSON | |
| Appellant | No. 691 WDA 2015 |

Appeal from the PCRA Order Entered April 22, 2015
In the Court of Common Pleas of Allegheny  County
Criminal Division at No: CP-02-CR-0006531-2013

BEFORE:  STABILE, DUBOW, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.                    **FILED JUNE 24, 2016**

Appellant, Brian McPhearson,[1] appeals from the April 22, 2015 order of the Court of Common Pleas of Allegheny County denying his petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

Appellant was charged with, *inter alia*, two counts of possession with intent to deliver (PWID), two counts of possession of a controlled substance, one count of possession of drug paraphernalia, and one count of tampering with or fabricating physical evidence.[2]  Ann Marie Mancuso, Esquire (trial

---

[1] We note that Appellant's name is spelled two different ways throughout the record, McPhearson and McPherson.  We use the spelling as captioned, McPhearson.

[2] Respectively, 35 Pa.C.S.A. § 780-113(a)(30), 35 Pa.C.S.A. § 780-113(a)(16), 35 Pa.C.S.A. § 780-113(a)(32), and 18 Pa.C.S.A. § 4910(1).

counsel), entered her appearance on Appellant's behalf. On February 26, 2014, a hearing was held for purposes of entering negotiated guilty pleas and sentencing Appellant and his two co-defendants. Appellant pled guilty to one count of PWID and one count of possession of a controlled substance. The remaining charges were withdrawn pursuant to a plea negotiation. Appellant was sentenced to two and one-half to ten years of incarceration. N.T. Plea and Sentencing Hearing, 2/26/14, at 13. Appellant filed a timely *pro se* post-sentence motion on March 7, 2014 for reconsideration or modification of his sentence, which the trial court denied on March 17, 2014. Appellant then filed a *pro se* motion on March 17, 2014 captioned as a "motion to Appeal In forma pauperis and to proceed with Assigned Counsel as provided in PA.R.Crim.P. 122 . . . Motion to Appeal Sentence & Withdraw [P]lea," wherein he alleged: "(1) Rule 600 Violation, (2) Suppression [H]earing Violation, (3) Ineffective Counsel." Appellant's -p*ro se* PCRA Petition, 3/17/14. The PCRA court treated this as a PCRA petition,[3] and appointed PCRA counsel on May 12, 2014. Appointed PCRA counsel filed an

_____

[3] We are cognizant that Appellant had not exhausted or waived his direct appeal rights before filing the March 17, 2014 motion, which the PCRA court treated as a PCRA petition. In **Commonwealth v. Leslie**, 757 A.2d 984 (Pa. Super. 2000), the appellant filed a *pro se* PCRA petition before counsel filed a direct appeal to this Court. We held that Appellant's petition was premature while a direct appeal was pending. Unlike in **Leslie**, Appellant did not file a direct appeal, and his judgment of sentence was final as of the date PCRA counsel was appointed. We therefore consider the merits of Appellant's instant PCRA petition.

amended PCRA petition on December 15, 2014.  On March 31, 2015, the PCRA court issued a Pa.R.Crim.P. 907 notice of intention to dismiss Appellant's PCRA petition without a hearing on March 31, 2015.  By order entered on April 22, 2015, the PCRA court dismissed the petition for the reasons set forth in its Rule 907 notice.  This timely appeal followed.  The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement.

Appellant raises three issues for our review.

1. Whether the Appellant's trial counsel was ineffective, which in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

2. Whether the Appellant's plea of guilty was unlawfully induced where the circumstances make it likely that the inducement caused Appellant to plead guilty, and the Appellant is innocent.

3. Whether the [t]rial [c]ourt erred in dismissing the Appellant's PCRA Petition without a hearing.

Appellant's Brief at 7.

"In PCRA proceedings, an appellate court's scope of review is limited by the PCRA's parameters; since most PCRA appeals involve mixed questions of fact and law, the standard of review is whether the PCRA court's findings are supported by the record and free of legal error." ***Commonwealth v. Pitts***, 981 A.2d 875, 878 (Pa. 2009).

In his first issue, Appellant contends he is entitled to relief under the PCRA because trial counsel was ineffective.  42 Pa.C.S.A. §§ 9543(a)(2)(ii). To establish an ineffective assistance of counsel (IAC) claim, a PCRA

petitioner must plead and prove: (1) the underlying issue is of arguable merit; (2) counsel lacked a strategically reasonable basis for the act or omission; and (3) the petitioner suffered prejudice in that counsel's ineffectiveness affected the result of the proceeding. ***Commonwealth v. Harris***, 852 A.2d 1168, 1173 (Pa. 2004). Failure to prove any prong will defeat an ineffectiveness claim. ***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 779–80 (Pa. Super. 2015) (*en banc*), appeal denied, 123 A.3d 331 (Pa. 2015).

Appellant argues that trial counsel was ineffective "in failing to sufficiently explain the guilty plea to the Appellant, for coercing the Appellant to accept a negotiated guilty plea when Appellant wished to proceed to trial, and for failing to file a Post-Sentence Motion to withdraw the Appellant's plea." Appellant's Brief at 13. Appellant claims that he made an "unequivocal expression of coercion on the record" that he did not have a choice except to plead guilty. Appellant's Brief at 14. He claims that when the judge granted a recess during the proceedings, he was taken back to his cell prior to any recitation of the facts and his attorney made "statements and gestures" that further forced him to plead guilty. Appellant's Brief at 11, 14. Appellant alleges he requested that trial counsel file a motion to withdraw his guilty plea, but trial counsel failed to do so. Appellant's Brief at 14-15.

The issue underlying Appellant's IAC claim, whether Appellant's guilty plea was made voluntarily, is without merit. The excerpt of the transcript

Appellant cites as his "unequivocal expression of coercion" is incomplete and, as a result, inaccurate. Appellant's Brief at 11, 14. At the hearing, the Commonwealth fully explained the guilty plea negotiation, after which the following was stated:

> The Court: Is that your understanding of the agreement, Mr. McPhe[a]rson?
>
> Mr. McPhe[a]rson: Yeah, I guess. I don't have a choice.
>
> The Court: **You did have a choice.**
>
> Mr. McPhe[a]rson: **Yes.**

N.T., 2/26/14, at 3 (emphasis added). The trial court proceeded to ask Appellant if he was clear-headed. Because Appellant responded, "I think I am," the trial court recessed so that Appellant could speak with trial counsel. *Id.* at 8-10. Contrary to Appellant's assertion, the record indicates that, before taking a recess, the Commonwealth did give a factual summary. *Id.* After coming back from recess, the trial court ensured that Appellant was clear-headed, that he understood the plea and the possible consequences, and that he understood and had honestly answered the guilty plea colloquy. *Id.* at 10-13. Appellant never indicated that trial counsel coerced his plea or that his plea was not voluntary for any reason. Moreover, the trial court asked Appellant the following.

> By virtue of your review of the case with your attorney, are you familiar with the facts of the case and the allegations incorporated [in] the affidavit of probable cause and by virtue of the factual summary offered this morning **are you pleading**

**guilty to those charges, Mr. McPhe[a]rson, because you are, in fact, guilty**?

N.T., 2/26/14, at 12 (emphasis added). Appellant responded, "Yes, sir." ***Id.*** The trial court accepted Appellant's guilty plea, and asked Appellant, "Anything that you want to say, Mr. McPhe[a]rson?" ***Id.*** at 12-13. Appellant responded, "No, sir." ***Id.*** at 13. Based on the foregoing, Appellant's arguments that trial counsel did not sufficiently explain the negotiated guilty plea and coerced Appellant into accepting the negotiated guilty plea are without merit. Additionally, Appellant fails to support his assertion that trial counsel's failure to file a motion to withdraw Appellant's sentence amounts to IAC. Appellant does not explain whether trial counsel "lacked a strategically reasonable basis" for this omission or how trial counsel's inaction affected the result of the proceeding. As Appellant cannot prove every prong of the test for IAC, his ineffectiveness claim fails. Accordingly, the record supports the PCRA court's conclusion that trial counsel did not induce Appellant's guilty plea and was not ineffective for failing to file a motion to withdraw Appellant's guilty plea. Notice of Intention to Dismiss, 3/31/15, at 3.

In his second issue, Appellant asserts that he is eligible for PCRA relief because his guilty plea was unlawfully induced under circumstances that make it likely that the inducement caused him to plead guilty even though he is innocent. 42 Pa.C.S.A. § 9543(a)(2)(iii). Appellant alleges that the ineffectiveness of trial counsel caused Appellant "to plead guilty to charges to which he wished to maintain his innocence and proceed to trial."

Appellant's Brief at 16. Appellant argues that because of trial counsel's ineffectiveness, his guilty plea was involuntary and unknowing. Appellant's Brief at 16-17 (citing **Commonwealth v. Lynch**, 820 A.2d 728, 732 (Pa. Super. 2003) ("If the ineffective assistance of counsel caused the defendant to enter an involuntary or unknowing plea, the PCRA will afford the defendant relief.")). Appellant also alleges that he attempted to inform the court of his coerced plea.

As explained above, Appellant's arguments that trial counsel induced his guilty plea and that he attempted to inform the trial court of the involuntariness of his plea at the plea and sentencing hearing are meritless. Likewise, there is no basis for Appellant's argument that his guilty plea was unknowing. Furthermore,

> [t]he longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

**Commonwealth v. Pollard**, 832 A.2d 517, 523 (Pa. Super. 2003). On the record, Appellant confirmed that he understood the guilty plea colloquy, that he understood the potential consequences, and that he was pleading guilty because he was in fact guilty of the charges based on the facts and allegations incorporated in the affidavit of probable cause and on the factual summary offered earlier during the hearing. N.T., 2/26/14, at 10-12. The

record therefore supports the PCRA court's conclusion that Appellant "made a knowing, intelligent, and voluntary decision to plead guilty." Notice of Intention to Dismiss, 3/31/15, at 2. Accordingly, Appellant is not entitled to relief on his second issue.

In his third issue, Appellant contends that the PCRA court erred in dismissing his petition without a hearing.

> It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Comonwealth v. Miller*, 102 A.3d 988, 992 (Pa. 2014). "[T]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." *Commonwealth v. Sneed*, 45 A.3d 1096, 1105-06 (Pa. 2012).

The issues raised by Appellant in his amended PCRA petition are the same now presented for our review on appeal. Appellant's Amended PCRA Petition at 5 (unnumbered). Appellant alleges that a hearing was necessary to determine whether trial counsel was ineffective and the extent to which trial counsel's ineffectiveness influenced the proceedings. Appellant's Brief

at 17. Appellant also makes the bald claim that the PCRA court should have held a hearing as Appellant was denied his right to assistance of counsel when presenting his motion to withdraw his guilty plea. Appellant's Brief at 18.

"An evidentiary hearing is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness." *Miller*, 102 A.3d at 992. As explained in detail above, Appellant's argument that trial counsel was ineffective is meritless, and Appellant has not presented any genuine issue of material fact that, if proved, would entitle him to relief. Accordingly, the PCRA court did not err in dismissing Appellant's petition without a hearing.

As Appellant is not entitled to relief on any of his issues, we affirm the April 22, 2015 order of the PCRA court denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/24/2016