J-S04044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANGEL ANTONIO SANTOS | : | |
| | : | |
| Appellant | : | No. 617 EDA 2016 |

Appeal from the PCRA Order January 27, 2016
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0004603-2011,
CP-39-CR-0005159-2011

BEFORE: SHOGAN, OTT, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED MARCH 23, 2017**

Angel Santos ("Appellant") appeals, *pro se*, from the order entered by the Court of Common Pleas of Lehigh County dismissing his second petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely. We affirm.

On October 24, 2012, Appellant entered a negotiated guilty plea to one count of possession with intent to deliver, and the trial court imposed a sentence of five to ten years' imprisonment. Appellant filed an untimely post-sentence motion on November 19, 2012, which the trial court denied on January 3, 2013. Appellant filed a *pro se* notice of appeal on January 14, 2013, which this Court quashed as untimely on February 3, 2014.

_____

[*] Former Justice specially assigned to the Superior Court.

Therefore, Appellant's judgment of sentence became final on November 26, 2012, when, upon the expiration of 30 days from when the trial court entered judgment of sentence, he had filed no notice of appeal. It follows that November 27, 2012, represented the commencement date of Appellant's one-year filing period under the PCRA.

During Appellant's one-year limitations period, he filed a patently untimely Notice of Appeal (on January 14, 2013) and a premature PCRA petition (on September 25, 2013, during the pendency of his direct appeal) alleging plea counsel's failure to file a requested direct appeal and seeking the reinstatement of his direct appeal rights *nunc pro tunc*. On September 27, 2013, the PCRA court dismissed Appellant's PCRA petition "without prejudice" because his direct appeal was still pending before this Court. This Court subsequently entered its order of February 3, 2014, quashing Appellant's direct appeal as untimely filed. By this time, however, Appellant's one-year PCRA limitations period had expired at the close of November 25, 2013.

Nearly four months later, on March 17, 2014, Appellant filed what the court properly construed as his first PCRA petition, discerning no prejudice in this regard from his previously-filed premature petition. The Court appointed counsel, who filed a "no merit letter" pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) and requested leave to withdraw. The PCRA court granted leave and, after issuing notice to dismiss pursuant to Pa.R.Crim.P. 907 Notice, dismissed Appellant's appeal as

patently untimely. This Court affirmed on appeal. ***Commonwealth v. Santos***, No. 132 EDA 2015, unpublished memorandum at 2-3 (Pa.Super. filed November 6, 2015) (citing 42 Pa.C.S.A. § 9545(b)(3); ***Commonwealth v. Brown***, 943 A.2d 264, 268 (Pa. 2008) (holding expiration of time period for seeking direct review, and not appellate dismissal of untimely notice of appeal filed within one-year, triggers PCRA's one-year limitation period)).

On December 28, 2015, Appellant filed this, his second, PCRA petition seeking to reinstate his direct appeal rights, *nunc pro tunc*, and requesting an evidentiary hearing. On January 5, 2016, the PCRA court issued its Rule 907 Notice to Dismiss. On January 26, 2016, Appellant filed an objection to the notice asserting that the Superior Court wrongfully found his first PCRA petition untimely when the premature petition he filed during the pendency of his direct appeal was filed within the PCRA's one-year limitations period. The court's treatment of his petitions, he maintained, was tantamount to governmental interference with the presentation of his claim. By its Order of January 27, 2016, the PCRA court dismissed Appellant's petition as untimely. This appeal followed.

Appellant presents the following two questions on appeal:

**I.  DID THE COURT BELOW ERR AS A MATTER OF LAW WHEN IT DENIED MOTIONS TO WITHDRAW GUILT PLEA?**

- 3 -

**II.   WAS APPELLANT DENIED DUE PROCESS OF LAW IN SUBSEQUENT POST-SENTENCE PROCEEDINGS IN STATE COURT?**

Appellant's brief at 6.

On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." ***Commonwealth v. Edmiston***, 65 A.3d 339, 345 (Pa. 2013) (citation omitted). "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." ***Commonwealth v. Koehler***, 36 A.3d 121, 131 (Pa. 2012) (citation omitted).

Preliminarily, we note that we may not address Appellant's claims unless he filed timely his second PCRA petition, for no court has jurisdiction to hear an untimely PCRA petition. ***See Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa.Super. 2010). The PCRA provides that a petition for relief, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, *or at the expiration of time for seeking the review*." 42 Pa.C.S. § 9545(b)(3) (emphasis added).

The PCRA court may excuse a patently late filing of a PCRA petition if the petition alleges and the petitioner proves any one of three exceptions to

the time limitations set forth in Section 9545(b)(1) of the statute.  A petition invoking an exception to the PCRA time-bar must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

We construe Appellant's brief to argue that his facially untimely petition qualifies for the "government interference" exception, which applies when the failure to raise a claim previously was due to unlawful interference by government officials, **see** 42 Pa.C.S. § 9545(b)(1)(i), because plea counsel ineffectively failed to file a requested direct appeal in a timely manner, and the PCRA courts have erroneously denied his multiple requests for collateral relief in the form of reinstatement of direct appellate rights *nunc pro tunc*.  Specifically, the sum of Appellant's argument in this respect is as follows:

> Appellant has filed three PCRA petitions this being his third to reinstate his appellate rights *nunc pro tunc*.  The record in this matter clearly establishes that the appeal was quashed because appellate counsel Banta abandoned the case.  The factual circumstances supported by the record warranted the reinstatement of appellate rights *nunc pro tunc*.  [citations omitted].  The trial court has abused it's [sic] discretion each time, denying Appellant his substantive rights as presented in the above. . . .  The factual circumstances supported by the record as presented in the above and applicable Constitutional law demonstrate the trial court has committed plain error in denying Appellant reinstatement of his direct appeal rights *nunc pro tunc* and that Appellant has been denied fair process in post-sentencing proceeding denying Appellant's substantial rights.

Appellant's brief at 17-18.

Neither his ineffective assistance of counsel claim nor his complaint with unfavorable court orders, however, brings the present petition under

the government interference exception. Preliminarily, it is settled that alleging ineffective counsel will not satisfy the requirements of the government interference exception. *See* 42 Pa.C.S. § 9545(b)(4) ("For purposes of this subchapter, 'governmental officials' shall not include defense counsel, whether appointed or retained); ***Commonwealth v. Crews****,* 863 A.2d 498, 503 (Pa. 2004) ("It is well settled that the alleged ineffectiveness of all prior counsel, including the first PCRA counsel, does not fall within the governmental interference exception.").

Moreover, the record belies Appellant's undeveloped assertion that the PCRA court interfered with his ability to bring an ineffective assistance of plea counsel claim within a timely PCRA petition. Appellant's first PCRA petition, though technically timely *vis a vis* the PCRA's one-year limitations period, was premature given the pendency of Appellant's ill-fated, untimely direct appeal. Without jurisdiction over the petition, therefore, the PCRA court rightly dismissed it without prejudice to file what the court would deem a first PCRA petition once the direct appeal was resolved. ***See Commonwealth v. Leslie***, 757 A.2d 984 (Pa.Super. 2000) (holding court should have dismissed petition without prejudice as premature given pendency of direct appeal).

Appellant filed a second PCRA petition, functionally his first for purposes of review, after this Court quashed his untimely direct appeal. Because the one-year PCRA filing period had since expired, however, it was incumbent upon Appellant to plead and prove a Section 9545(b)(1)

exception in the petition and to file said petition within 60 days of the date of the order resolving his untimely direct appeal. *Cf. Commonwealth v. Lark*, 746 A.2d 585 (Pa. 2000) (holding subsequent PCRA petition, deferred until resolution of first petition, must comply with Section 9545(b)(1) and (2) if deferral period brought petition outside of PCRA one-year limitations period). Although Appellant filed his petition in accordance with the 60-day provision, the record reveals that he raised no Section 9545(b) exception to the applicable one-year time-bar. *See Santos*, *supra*. Accordingly, this PCRA court dismissed Appellant's petition as untimely and this Court affirmed.

Only in Appellant's instant petition, functionally his second for purposes of PCRA review, did he characterize the PCRA court's handling of his premature petition as an act of governmental interference with his attempt to file a timely PCRA petition seeking reinstatement of direct appeal rights. *See* Appellant's "Objection to PCRA Court's 907 Notice of Intent to Dismiss," C.R. #46 (arguing PCRA court misled Appellant when it dismissed his premature petition "without prejudice."). This argument, which is in any event absent from his brief and, therefore, waived, fails not only as a meritless attack on the required dismissal of his premature petition but also under both the Act's aforementioned 60-day rule and the requirement under Section 9543(a)(3) that an allegation of error has not been waived. See 42 Pa.C.S. § 9543(a)(3). As noted above, Appellant had the opportunity,

indeed, the obligation, in his first PCRA petition to couch this claim within a Section 9545(b)(1)(i) exception to the PCRA time-bar, but he failed to do so.

Appellant has not, therefore, established the PCRA court's jurisdiction to grant relief on his untimely second PCRA petition. Accordingly, we affirm the order of the PCRA court dismissing this petition.

Order is Affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/23/2017