J-S78018-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIE MAURICE HARRIS, | : | |
| | : | |
| Appellant | : | No. 608 WDA 2017 |

Appeal from the PCRA Order March 21, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No.: CP-02-CR-0003121-1997

BEFORE: OLSON, J., DUBOW, J., and STRASSBURGER, J.*

MEMORANDUM BY DUBOW, J.:                    **FILED MAY 9, 2018**

Appellant, Willie Maurice Harris, appeals *pro se* from the March 21, 2017 Order entered in the Allegheny County Court of Common Pleas dismissing as untimely his third Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.   After careful review, we affirm on the basis that Appellant's PCRA Petition is untimely and this Court, thus, lacks jurisdiction to review the Petition.

This Court previously set forth the underlying facts, so we need not repeat them here.   ***See Commonwealth v. Harris***, No. 525 WDA 2015, unpublished memorandum at 1-4 (Pa. Super. filed Nov. 16, 2015).   In summary, on August 9, 1996, when Appellant was 18 years old,[1] he shot and killed Roderick McMahon after an argument in Pittsburgh.   On August 7,

_____

[1] Appellant's date of birth is October 3, 1977.

_____

* Retired Senior Judge assigned to the Superior Court.

1997, a jury convicted Appellant of First-Degree Murder. On September 4, 1997, the trial court imposed the mandatory sentence of life imprisonment without parole.

On August 6, 2004, this Court affirmed Appellant's Judgment of Sentence, and our Supreme Court dismissed Appellant's appeal as being improvidently granted on February 20, 2007. *Commonwealth v. Harris*, 860 A.2d 1129 (Pa. Super. 2004) (unpublished memorandum), *appeal dismissed as improvidently granted*, 915 A.2d 626 (Pa. 2007) (*per curiam*). Appellant's Judgment of Sentence became final on May 21, 2007, when his time for seeking review with the United States Supreme Court expired. *See Commonwealth v. Harris*, No. 525 WDA 2015, unpublished memorandum at 7 (Pa. Super. filed Nov. 16, 2015); U.S.Sup.Ct.R. 13 (allowing 90 days to file Petition for Writ of *Certiorari*).

Over the course of the next decade, Appellant filed two other PCRA Petitions, and the PCRA court dismissed each one because the Petitions either lacked merit or were patently untimely under the strict terms of the PCRA.

On March 23, 2016, during the pendency of the appeal of Appellant's Second PCRA Petition,[2] Appellant filed the instant *pro se* Petition with the

---

[2] Our Supreme Court denied allowance of appeal with respect to Appellant's Second PCRA Petition on May 3, 2016.

PCRA court ("Third PCRA Petition").[3]  Appellant subsequently filed a lengthy

memorandum of law in support of his Third PCRA Petition.[4]  Appellant sought

to invoke **Miller v. Alabama**, 567 U.S. 460 (2012), and **Montgomery v.**

**Louisiana**, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016).[5]

On March 21, 2017, in response to another filing by Appellant, the

PCRA court dismissed Appellant's Third PCRA Petition.[6]  Appellant timely filed

---

[3] Appellant recognized that his Second PCRA Petition was pending before our Supreme Court.  **See** PCRA Petition, filed 3/23/16, at 1.

[4] Although Appellant titled his Third PCRA Petition a "Request for Stay of PCRA Petition," his reason for the filing and the supporting memorandum demonstrate that this filing was, in fact, a PCRA Petition.  Normally, when a PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of the pending appeal "by the highest state court in which review is sought."  **Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000).  Although the PCRA court should have dismissed the filing as premature without prejudice, **see Commonwealth v. Leslie**, 757 A.2d 984, 985 (Pa. Super. 2000), due to administrative errors discussed **infra**, it did not.  Because of the administrative breakdown of the court, we decline to dismiss this appeal on that basis and will address the jurisdictional issues.

[5] In **Miller**, the U.S. Supreme Court held that it is unconstitutional for state courts to impose an automatic life sentence without possibility of parole upon a homicide defendant for a murder committed while the defendant was a juvenile.  The United States Supreme Court held in **Montgomery** that its decision in **Miller** applies retroactively.

[6] On March 21, 2017, the PCRA court filed an "Order Denying Petitioner's Request to Stay PCRA Proceedings" because "there is no active PCRA petition filed."  However, on July 20, 2017, the court filed its Pa.R.A.P. 1925(a) Opinion, in which it acknowledged and addressed Appellant's Third PCRA Petition as an untimely serial PCRA Petition.  On July 25, 2017, the Allegheny County Clerk of Courts amended the docket to correct administrative errors and docket omissions, thus officially docketing
*(Footnote Continued Next Page)*

a *pro se* Notice of Appeal. Both Appellant and the trial court complied with

Pa.R.A.P. 1925.

Appellant presents nine issues for our review:

[1.] Whether the court/clerk erred in failing to docket and file [Appellant's] PCRA petition submitted to the court March 22, 2016.

[2.] Whether [Appellant] is entitled to have his PCRA petition submitted March 22, 2016, filed and docketed with the court on the date in which it was originally submitted to the court and disposed of through the proper channels of the PCRA process.

[3.] Whether the trial court erred in filing an order March 20, 2017 alleging [Appellant] did not submit a petition on March 22, 2016.

[4.] Whether the trial court committed harm to [Appellant] by failing to file and docket petition submitted March 22, 2016.

[5.] Whether the court's imposition of illegal mandatory life without parole sentence for a homicide offense committed while [Appellant] was a juvenile over the age of 17, but below the age of 21, violates 1§ 13 [*sic*] of the Pennsylvania Constitution as well as the Eighth Amendment's Prohibition on "cruel and unusual punishment. [*sic*]

[6.] Whether [Appellant's] mandatory life sentence violates the severability clause under Pennsylvania's Constitutional construction of statutes and the Eighth Amendment's prohibition

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

Appellant's third Petition four months after Appellant filed it and noting that Appellant filed it on March 23, 2016.

In light of the meritless basis for Appellant's Third PCRA Petition and appeal, the PCRA court's subsequent characterization and ultimate review of Appellant's PCRA Petition, the court's administrative and docketing errors, and the interests of judicial economy, we consider the PCRA court's March 21, 2017 Order as the formal dismissal of Appellant's Third PCRA Petition filed March 23, 2016.

- 4 -

on cruel and unusual punishment; Whether [Appellant's] sentence should be vacated, and Whether [Appellant] should be individually resentenced on lesser-included offenses.

[7.] Whether the court has Jurisdiction to address [Appellant's] illegal sentence pursuant to 42 Pa.C.S. § 9542.

[8.] Whether the court should vacate [Appellant's] illegal sentence pursuant to 42 Pa.C.S. § 9542.

[9.] Whether the trial court erred in sentencing [Appellant] to a mandatory minimum sentence by severance of the statute and applying the mandatory recidivist sentencing provisions under statute § 9715, which doesn't apply to [Appellant] resulting in an illegal sentence.

Appellant's Brief at vii-viii.[7]

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008).

Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the Third PCRA Petition.

_____

[7] Appellant's first four issues pertain to docketing errors and omissions that the Clerk of Courts corrected on July 25, 2017. The docket now reflects that Appellant filed the Third PCRA Petition on March 23, 2016. Since the administrative issues themselves do not provide Appellant with relief under the PCRA, and court administration corrected the errors, we need not address Appellant's first four issues raised on appeal.

*See Commonwealth v. Hackett*, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA Petition is a jurisdictional requisite).

Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a PCRA court may not address the merits of the issues raised if the petitioner did not timely file the PCRA petition. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

As noted above, Appellant's Judgment of Sentence became final on May 21, 2007. In order to be timely, Appellant needed to submit his PCRA Petition by May 21, 2008. *Id*. Appellant filed this PCRA Petition on March 23, 2016, more than eight years after his Judgment of Sentence became final. The PCRA court properly concluded that Appellant's Petition is facially untimely. PCRA Court Opinion, dated 7/20/17, at 2.

Pennsylvania courts may consider an untimely PCRA petition, however, if the appellant pleads and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b). Here, Appellant attempts to invoke the timeliness exception under Section 9545(b)(1)(iii), which provides that a petitioner

may seek relief when there is "a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii).

Citing **Miller** and **Montgomery**, Appellant essentially argues that he is entitled to relief because, as an eighteen-year-old offender, he is "similarly situated" as a juvenile homicide defendant. Appellant's Brief at 17. This Court has twice rejected nearly identical arguments for purposes of invoking the timeliness exception at Section 9545(b)(1)(iii). **See Commonwealth v. Cintora**, 69 A.3d 759, 764 (Pa. Super. 2013) (holding (1) petitioners who were eighteen or older at the time they committed murder are not within the ambit of the **Miller** decision and therefore may not rely on that decision to bring themselves within the time-bar exception in Section 9545(b)(1)(iii); and (2) "contention that a newly-recognized constitutional right **should** be extended to others does not render [a] petition [seeking such an expansion of the right] timely pursuant to section 9545(b)(1)(iii).") (emphasis in original), *abrogated in part by* **Montgomery**, **supra**; **see also Commonwealth v. Furgess**, 149 A.3d 90, 94 (Pa. Super. 2016) (same, while acknowledging that **Cintora**'s additional holding, that **Miller** had not been applied retroactively, was "no longer good law" after **Montgomery**).

Appellant was 18 years old, not younger than 18 years old, when he murdered Roderick McMahon on August 9, 1996. Thus, **Miller** and

***Montgomery*** are inapplicable to Appellant. Accordingly, the PCRA court properly concluded that Appellant failed to plead and prove any of the timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1), and properly dismissed Appellant's Petition as untimely. ***See*** PCRA Court Opinion at 3-4.

The record supports the PCRA court's findings and its Order is otherwise free of legal error. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/9/2018