J-S12003-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARMINE A. MADEJCZYK | : | |
| | : | |
| Appellant | : | No. 1524 MDA 2018 |

Appeal from the Judgment of Sentence Entered July 18, 2018
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0001377-2018

BEFORE:  BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:                    **FILED APRIL 17, 2019**

Carmine A. Madejczyk appeals from the judgment of sentence of fifty-four to 108 months of incarceration imposed following his guilty plea to aggravated assault.  Appellant's counsel, Matthew P. Kelly Esquire, has filed an application to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We affirm the judgment of sentence and grant counsel's application to withdraw.

We glean the following underlying facts from the affidavit of probable cause.  On the evening of March 5, 2018, police responded to "a report of a male bleeding from the head and yelling." Affidavit of Probable Cause, 3/6/18, at 1.  They found Appellant covered in blood shortly before an ambulance arrived.  Appellant told the police that he had been in an altercation with another man outside of a nearby soup kitchen, and the man pushed Appellant

from behind, causing Appellant to fall and hit his head on the sidewalk. *Id*. However, Appellant stated that he was not interested in pursuing charges. *Id*.

Not long after leaving Appellant, the police were dispatched to the hospital regarding a report that a stabbing victim there had been in an altercation with another man outside of the soup kitchen. The victim said that when he turned his back on the other man, the man plunged a sharp object into his side near his ribs. Thereafter, the man who had stabbed him was pushed to the ground by a third man, causing him to hit his head on the sidewalk. *Id*. Police again approached Appellant, who was in the same hospital awaiting treatment, and advised him of his rights. Appellant admitted that he committed the stabbing, but indicated that he did not believe his knife was "sharp enough to do any damage." *Id*.

Appellant was arrested and charged with aggravated assault and other related crimes. Appellant entered an open guilty plea on June 1, 2018, and a presentence investigation was ordered. On July 18, 2018, Appellant was sentenced as indicated above. Appellant filed a timely post-sentence motion on July 25, 2018, which the trial court denied by order entered August 15, 2018.[1] Counsel filed a timely notice of appeal on Appellant's behalf, as well as a timely court-ordered statement of errors complained of on appeal.

_____

[1] In the interim, Appellant, acting *pro se,* prematurely filed a notice of appeal and a PCRA petition. Given the petition's allegations of ineffective assistance of counsel, counsel filed a motion for the appointment of conflict counsel. The

In this Court, Appellant's counsel filed both an ***Anders*** brief and a petition to withdraw as counsel. Accordingly, the following principles guide our review of this matter.

> Direct appeal counsel seeking to withdraw under ***Anders*** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an ***Anders*** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof . . . .

> ***Anders*** counsel must also provide a copy of the ***Anders*** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

> If counsel does not fulfill the aforesaid technical requirements of ***Anders***, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with ***Anders*** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy ***Anders***, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

***Commonwealth v. Wrecks***, 931 A.2d 717, 720-21 (Pa.Super. 2007) (citations omitted). Our Supreme Court has further clarified counsel's duties as follows:

> in the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is

---

trial court granted the motion and appointed present counsel to represent Appellant. This Court ultimately quashed Appellant's *pro se* appeal. Order, 10/1/18. The trial court properly took no action on the PCRA petition, as a petition for PCRA relief may only be filed after direct appeal is concluded. ***Commonwealth v. Leslie***, 757 A.2d 984, 985 (Pa.Super. 2000).

frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, *supra* at 361.

Based upon our examination of counsel's petition to withdraw and *Anders* brief, we conclude that, while counsel's filings are sparse, counsel has substantially complied with the technical requirements set forth above.[2] As required by *Santiago*, counsel set forth the case history, referred to an issue that arguably supports the appeal, stated his conclusion that the appeal is frivolous, and cited case law which supports that conclusion. *See Anders* brief at 4-8. Therefore, we now proceed "'to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" *Commonwealth v. Flowers*, 113 A.3d 1246, 1249 (Pa. Super. 2015) (quoting *Santiago*, *supra* at 354 n.5).

The issue arguably supporting an appeal cited by Appellant's counsel is whether the trial court abused its discretion in sentencing Appellant. *Anders* brief at 1. In reviewing the question, we bear in mind the following.

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

_____

[2] Appellant did not file a response to counsel's petition.

- 4 -

. . . .

When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

***Commonwealth v. Antidormi***, 84 A.3d 736, 760-61 (Pa. Super. 2014)

(internal citations and quotation marks omitted).

An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:

(1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Samuel***, 102 A.3d 1001, 1006-07 (Pa. Super. 2014)

(some citations omitted).

Here, Appellant timely filed a notice of appeal after preserving the issue by filing a motion to modify sentence. The Pa.R.A.P. 2119(f) statement before us is paltry,[3] but in ***Anders*** appeals this Court has not found review to be

_____

[3] The statement is as follows in its entirety: "T[hat t]he trial court erred in sentencing the Appellant to a sentence that was too harsh under the

prohibited even in the absence of a 2119(f) statement. ***Commonwealth v. Zeigler***, 112 A.3d 656, 661 (Pa.Super. 2015). Therefore, we consider whether a substantial question exists that Appellant's sentence was not appropriate.

In his post-sentence motion, Appellant asked the court to reconsider the sentence "because he did not understand the sentencing" and felt that it was "too harsh under the circumstances." Motion to Modify Sentence, 7/25/18, at ¶ 3. A bald claim of excessiveness does not raise a substantial question. ***Commonwealth v. Giordano***, 121 A.3d 998, 1008 (Pa.Super. 2015).

Furthermore, our review of the record reveals no substantial question that counsel could have raised had he more carefully crafted the Rule 2119(f) statement. The sentencing transcript reveals that the trial court asked Appellant if there were any corrections to me made to the presentence investigation report, and hear from both Appellant and his counsel regarding mitigating factors. N.T. Sentencing, 7/18/18, at 2-3. The court then offered the following statement regarding its sentencing decision.

> I have reviewed the presentence report and what's been offered here today. Unfortunately the guidelines are rather significant given the serious nature of the offense involved; however, considering the circumstances of the matter, the young age of [Appellant] and his lack of prior criminal history, I will impose a sentence that will consider all of those matters that's going to

---

circumstances is a substantial question requiring discretionary review. 42 Pa.C.S.A. § 9781(b); Pa.R.A.P. 2119(f)." Although our review is not barred, we expect counsel to make more of an effort than this, especially given that this is not the first time counsel has been so advised.

provide [Appellant] a significant period of time in a State Correctional Institution to avail himself of programs and opportunities there to hopefully rehabilitate and reform his ways.

The standard range of the guidelines are 54 to 72 [months]. I will impose sentence at the low end of that guideline range for the reason stated previously but also feel that it's an appropriate sentence given the serious nature of the offense and any impact it would have had on the victim.

. . . .

I've tried to keep your sentence at the lowest end of the guideline range given your age and lack of prior history. Obviously you're very young. You'll be released hopefully on parole at some point in time, so hopefully you are never back in this type of situation again.

*Id*. at 3-5.

The sentencing court had the benefit of a presentence investigation report and thus is presumed to have considered all relevant information. *Commonwealth v. Rush*, 162 A.3d 530, 545 n.12 (Pa.Super. 2017). The court crafted its sentence based upon the factors designated in the Sentencing Code. *See* 42 Pa.C.S. § 9721 (calling for confinement consistent with protection of the public, gravity of the offense and hits impact on the victim, and the rehabilitative needs of the defendant). The court did not ignore mitigating evidence; rather, it imposed a low-end sentence based upon the mitigating factors. *Cf. Commonwealth v. Luketic*, 162 A.3d 1149, 1162 (Pa.Super. 2017) (substantial questioned raised by sentencing court's failure to consider the defendant's character and background).

Therefore, we agree with counsel that a challenge to the discretionary aspects of Appellant's sentence is frivolous. Moreover, our "simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated[,]" has revealed no additional issues counsel failed to address.[4] ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa.Super. 2018) (*en banc*). Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Application of Matthew P. Kelly, Esquire, to withdraw as counsel is granted. Judgment of sentence affirmed.

_____

[4] We have conducted our review mindful of the fact that "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed." ***Commonwealth v. Eisenberg***, 98 A.3d 1268, 1275 (Pa. 2014). We note that the transcript of the plea hearing is not included in the certified record. However, its absence does not alter our conclusion. As Appellant did not challenge the voluntariness of the plea in the trial court prior to filing his notice of appeal, any such claim is waived on direct review. ***See Commonwealth v. Rush***, 959 A.2d 945, 949 (Pa.Super. 2008) ("[A] request to withdraw a guilty plea on the grounds that it was involuntary is one of the claims that must be raised by motion in the trial court in order to be reviewed on direct appeal."). Pursuing a waived claim is frivolous. ***Commonwealth v. Kalichak***, 943 A.2d 285, 291 (Pa.Super. 2008). To the extent that Appellant averred in his premature PCRA petition that his plea was unlawfully induced by counsel, that claim is properly pursued through the PCRA after Appellant's judgment of sentence becomes final. ***See*** 42 Pa.C.S. § 9543(a)(2)(iii).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/17/2019