J-S17030-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JAMES B CUNNINGHAM, | : | |
| Appellant | : | No. 2607 EDA 2021 |

Appeal from the PCRA Order Entered August 30, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0301241-2000

BEFORE: BOWES, J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY LAZARUS, J.:          **FILED JULY 07, 2022**

James B. Cunningham appeals,[1] *pro se*, from the order, entered in the

Court of Common Pleas of Philadelphia County, dismissing his petition filed

---

[1] Cunningham's notice of appeal was filed on November 24, 2021, in excess of the 30-day requirement. ***See*** Pa.R.A.P. 903(a) (notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken"). This Court issued a rule to show cause directing Cunningham to explain why his appeal should not be quashed. ***See*** Rule to Show Cause, 1/27/22, at 1. Cunningham filed a response, in which he included a "Reply Brief." ***See*** Response, 2/28/22, at 6-19.

The record reveals that the August 30, 2021 order dismissing Cunningham's PCRA petition was not served on Cunningham until November 12, 2021. ***See*** Pa.R.Crim.P. 114(C)(2)(c) (requiring trial court docket entry to contain date of service of order or court notice); Pa.R.A.P. 108(a)(1) ("[I]n computing any period of time under these rules involving the date of entry of an order by a court . . ., the day of entry shall be the day the clerk of the court . . . mails or delivers copies of the order to the parties."); ***see also Commonwealth v. Carter***, 122 A.3d 388, 390-92 (Pa. Super. 2015) (appeal period does not run until clerk of court mails or delivers copies of order to parties as shown on
*(Footnote Continued Next Page)*

pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Additionally, Cunningham has filed an Application to Strike with this Court. We deny Cunningham's Application to strike,[2] and affirm the PCRA court's order.

In December 2000, Cunningham was convicted of robbery, burglary, and conspiracy. On May 2, 2001, he was sentenced to an aggregate term of 40 to 80 years in prison. This Court affirmed his judgment of sentence, **see Commonwealth v. Cunningham**, 805 A.2d 566 (Pa. Super. 2002), and the

_____

docket). Thus, Cunningham's 30-day appeal period did not begin until November 12, 2021.

Moreover, the August 30, 2021 order dismissing Cunningham's PCRA petition omits any reference to Cunningham's appellate rights. **See** Pa.R.Crim.P. 907(4) (when PCRA petition is dismissed without hearing, trial court shall issue order "and **shall** advise the defendant by certified mail, return receipt requested, of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed."); **see also Commonwealth v. Stansbury**, 219 A.3d 157, 160 (Pa. Super. 2019) (breakdown in court operations occurs when a PCRA court misadvises petitioners as to their appellate rights). Accordingly, we conclude that a breakdown in court operations has occurred permitting us to overlook Cunningham's facially untimely notice of appeal.

[2] On May 12, 2022, Cunningham filed a *pro se* Application to Strike in which he requested that this Court strike the Commonwealth's Brief for Appellee, filed on April 26, 2022. **See** Application to Strike, 5/12/22, at 1-2. Cunningham alleges that the Commonwealth's April 26, 2022 brief is a second-filed appellee brief, after his timely-filed Reply Brief in violation of Pa.R.A.P. 2113(a) (providing that both parties may file a single appellate brief and permitting appellant to file a reply brief). However, our review of the record reveals that the Commonwealth has only filed one Brief for Appellee, the brief dated April 26, 2022. It appears, as we noted above, that Cunningham filed his Reply Brief in response to this Court's rule to show cause, which is **not** a Commonwealth appellate brief. Thus, we discern no violation of Rule 2113(a), and we deny Cunningham's Application to Strike.

Supreme Court denied his petition for review on March 26, 2003. ***Commonwealth v. Cunningham***, 820 A.2d 703 (Pa. 2003). Cunningham did not seek a writ of *certiorari* from the United States Supreme Court. Thus, his judgment of sentence became final on June 24, 2003.[3]

Cunningham[4] subsequently filed six unsuccessful PCRA petitions.[5] Cunningham, *pro se*, filed the instant PCRA petition, his seventh, on July 2, 2021. On July 26, 2021, the PCRA court issued notice of its intent to dismiss Cunningham's petition pursuant to Pa.R.Crim.P. 907. Cunningham filed a response, and on August 30, 2021, the PCRA court dismissed Cunningham's PCRA petition.

Cunningham filed, *pro se*, a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Cunningham raises the following claims for our review:

---

[3] ***See*** 42 Pa.C.S.A. § 9545(b)(3); U.S. Sup. Ct. R. 13.

[4] Cunningham also goes by the name "Frank Fluellen" and has filed at least one of his PCRA petitions under this moniker. ***See Commonwealth v. Fluellen***, 84 A.3d 452 (Pa. Super. 2013) (Table) (unpublished memorandum decision).

[5] We note, as relevant here, while his first PCRA petition was pending on appeal, Cunningham filed three more petitions before the trial court. These petitions were filed on November 3, 2005, May 17, 2006, and May 20, 2006, respectively. The PCRA court dismissed all of these petitions as untimely filed; however, Cunningham only appealed the dismissal of the May 20, 2006 petition, which appeal this Court dismissed after Cunningham failed to file an appellate brief. ***See*** PCRA Court Opinion, 1/24/22, at 2 (summarizing procedural history).

1. Did the [PCRA c]ourt commit "[g]overnmental [i]nterference" when it held that [Cunningham]'s May 17, 2006 PCRA [petition] was untimely when[,] in[ ]fact[,] it was not, causing [Cunningham] to abandon his appeal[?]

2. Whether the PCRA [c]ourt erred by failing to grant an evidentiary hearing[?]

Brief for Appellant, at 6.

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of the record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Any PCRA petition "shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." *Id.* at § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

As we noted above, Cunningham's judgment of sentence became final on June 24, 2003. *See* 42 Pa.C.S.A. § 9545(b)(3); Sup. Ct. R. 13. Thus, Cunningham's petition is facially untimely.

However, Pennsylvania courts may consider an untimely petition if the petitioner can explicitly plead and prove one of the three exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).  These three exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.*  Any petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* at § 9545(b)(2).[6] "The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017).

Cunningham purports to invoke the governmental interference exception at 42 Pa.C.S.A. § 9545(b)(1)(i).  *See* Brief for Appellant, at 9-12. Cunningham asserts that the PCRA court erred by dismissing his third PCRA petition, filed in May 2006, as untimely filed.  *Id.* at 10.  Instead, he claims

---

[6] Section 9545(b)(2) was amended on October 24, 2018, effective in 60 days (*i.e.*, December 24, 2018), extending the time for filing from 60 days of the date the claim could have been first presented, to one year.  The amendment applies to claims arising on December 24, 2017, or thereafter.  *See* Act 2018, Oct. 24, P.L. 894, N. 146, § 3.  Instantly, Cunningham's claim originated in 2006, well before December 24, 2017, and, therefore, the original 60-day time limit applies.

that the PCRA court should have dismissed his third petition as prematurely filed. *Id.* at 10-11. Cunningham contends that this alleged error resulted in confusion that caused him to abandon his appeal of the May 2006 PCRA petition, and that this Court may now review his May 2006 PCRA petition. *Id.* at 11-12.

This Court has previously stated that

Pennsylvania law makes clear the trial court has **no jurisdiction to consider a subsequent PCRA petition while an appeal from the denial of the petitioner's prior PCRA petition in the same case is still pending on appeal.** A petitioner must choose either to appeal from the order denying his prior PCRA petition **or** to file a new PCRA petition; the petitioner **cannot do both**, *i.e.*, file an appeal and also file a PCRA petition, because "prevailing law requires that the subsequent petition must give way to a pending appeal from the order denying a prior petition." *Commonwealth v. Zeigler*, 148 A.3d 849, 852 (Pa. Super. 2016). In other words, a petitioner who files an appeal from an order denying his prior PCRA petition must withdraw the appeal **before he can pursue a subsequent PCRA petition**. *Id.* If the petitioner pursues the pending appeal, then the PCRA court is required . . . to dismiss any subsequent PCRA petitions filed while that appeal is pending.

*Commonwealth v. Beatty*, 207 A.3d 957, 961 (Pa. Super. 2019) (some citations omitted, emphasis added).

Instantly, Cunningham's claim is meritless. As we noted above, his judgment of sentence became final on June 23, 2003, and the May 2006 PCRA petition in question was filed almost 3 years later, well in excess of the one-year time bar. *See Cunningham*, *supra*; 42 Pa.C.S.A. § 9545(b)(3). Additionally, the PCRA court, in its opinion, addressed this claim as follows:

- 6 -

The confusion [Cunningham] alleges is not from . . . government interference[,] but rather the product of his multiple PCRA filings during the period in which his first PCRA petition was still pending. [Cunningham] filed three additional PCRA petitions while his first PCRA petition was pending. . . .

In the instant PCRA petition, [Cunningham] failed to plead and prove a valid exception to the jurisdictional time bar. . . . [Cunningham] filed this instant PCRA claim alleging th[e governmental interference] exception on July 2, 2021, almost 15 years after he received the judgment for his third PCRA petition on July 27, 2006 and over 14 years after the Superior Court dismissed his appeal [for that petition] on January 25, 2007. [Cunningham baldly] argues that it was only on June 29, 2021 when he discovered the alleged government[al] interference. . . . [Cunningham's] petition was untimely. Since the court did not have jurisdiction to consider the petition, the petition was properly [dismissed].

PCRA Court Opinion, 1/24/22, at 8-9. We agree with the PCRA court.

Additionally, Cunningham's argument that the PCRA court dismissed his May 2006 petition on an "incorrect" basis, is of no moment. Our case law in this area prohibits PCRA courts from addressing the merits of a premature PCRA petition, or a petition filed while an appeal of a previous PCRA petition is pending. *See Commonwealth v. Leslie*, 757 A.2d 984, 985-86 (Pa. Super. 2000); *Beatty*, *supra*. Instantly, the PCRA court did **not** address the merits of Cunningham's May 2006 petition, but rather dismissed his petition as untimely. *See* PCRA Court Opinion, 1/24/22, at 2, 7-8.

Nevertheless, even if Cunningham's claim amounted to governmental interference, which is does not, he makes no attempt to explain how this alleged interference could not have been discovered, with due diligence, any earlier than now, approximately 15 years after the May 2006 petition was

denied. *See **Commonwealth v. Rizvi***, 166 A.3d 344, 349 (Pa. Super. 2017) (petitioners invoking governmental interference exception must demonstrate due diligence in discovery of alleged interference). Cunningham was aware that his May 2006 petition was **dismissed as untimely** when he received the order dismissing it as such. Indeed, Cunningham's receipt of the order is evident by his appeal of that order. Thus, Cunningham has failed to demonstrate that any of the time-bar exceptions apply, has similarly failed to demonstrate that he acted with due diligence, and, accordingly, he is entitled to no relief. *See **Rizvi***, *supra*; ***Albrecht***, *supra*.

In his second claim, Cunningham does not invoke any of the three time-bar exceptions and, therefore, we lack jurisdiction to entertain this claim. ***See Albrecht***, *supra*. Accordingly, we discern no error with the PCRA court's dismissal of Cunningham's petition as untimely, as the PCRA court was without jurisdiction to review the merits of his petition.

Order affirmed. Application to Strike denied.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 7/7/2022*